THE STATE, EX REL. DELK, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; AVCO NEW IDEA CORPORATION, APPELLANT.

[Cite as State, ex rel. Delk, *v.* Indus. Comm. (1988), 35 Ohio St. 3d 187.]

(No. 86-1198—Decided February 24, 1988.)

188

*Thompson, Meier & Dersom* and *Thomas D. Thompson,* for appellee.

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *William G. Porter II,* for appellant.

*Per Curiam.* In order to suc-

cessfully challenge the Industrial Commission's determinations as to the extent of a claimant's disability in an action in mandamus, the moving party must demonstrate that the commission's decision was rendered without some evidence in support thereof. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936; *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76, 26 OBR 66, 497 N.E. 2d 70. The appellate court below determined that appellee had sustained this burden by demonstrating that the commission had no evidence before it indicating that appellee's disability had become permanent "(in the sense that he would never be able to return to his former position of employment) prior to March 15, 1984."

We begin our review by noting that the appellate court's judgment in this case was rendered without benefit of this court's recent decision in *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125. In *Vulcan,* this court held that the commission need not consider whether a claimant could return to his former position of employment when determining the permanency of a disability. Hence, the appellate court's focus upon this consideration was erroneous.

The Industrial Commission cites the report of Dr. Johnston and the June 1, 1984 report of Dr. Braunlin as supportive of its finding of permanency. Both of these reports express misgivings as to appellee's ability to ever perform the tasks of his former position of employment, but neither specifically addresses the pivotal issue of whether the impairment is permanent. However, when one reads Dr. Braunlin's report of June 1, 1984, in conjunction with his report filed on June 30, 1983, his opinion as to the status of appellee's impairment becomes clear. In the 1983 report, Dr. Braunlin specifically states that the appellee suffers from a *permanent* partial impairment of twenty-three percent. There is nothing in Dr. Braunlin's 1984 report which disputes his earlier opinion.

We find that such evidence is supportive of the commission's determination. Accordingly, we reverse the judgment of the court of appeals and reinstate the decision of the Industrial Commission.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

H. BROWN, J., not participating.