THE STATE, EX REL. ABNER, APPELLEE, *v.*
MAYFIELD, ADMR., ET AL., APPELLANTS.

[Cite as *State, ex rel. Abner, v. Mayfield* (1992), 62 Ohio St.3d 423.]

424

(No. 90–1924—Submitted November 5, 1991—Decided February 5, 1992.)

*Daniel J. Gattermeyer,* for appellee.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* for appellants Industrial Commission and Administrator.

*Per Curiam.* We are again asked to review the commission's order for "some evidence" supporting its decision. For the reasons which follow, we affirm the judgment below.

The commission's exclusive focus on perceived deficiencies in claimant's medical evidence is misdirected. The commission mistakenly believes, as stated in its brief to this court, that temporary total disability compensation was denied because claimant did not "provide probative and substantial evidence in support of her claim." This is not, however, what the order said. The order stated that temporary total disability compensation was denied because claimant's disability had become permanent, which, per *State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, precludes temporary total disability compensation.

No evidence supports the commission's reasoning. The district hearing officer, relying on Dr. Moser's report, found that claimant's condition became permanent as of her November 1983 auto accident. Dr. Moser, however, did

not examine claimant until November 3, 1987. Thus, his opinion as to the permanency of claimant's condition prior to that time is not probative. Accordingly, there is no evidence supporting the commission's order.

The lack of "some evidence" supporting the denial of compensation, however, is not automatically "some evidence" supporting an award. *State, ex rel. Lampkins, v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 16–17, 542 N.E.2d 1105, 1108. We, therefore, affirm the judgment of the court of appeals which directed the commission to redetermine claimant's entitlement to temporary total disability compensation over the period in question. If the claimant's medical evidence is indeed insufficient to support a compensation award, the commission order should specifically so state, and explain why it found the medical evidence inadequate.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.