THE STATE, EX REL. FOREMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; MTD PRODUCTS, INC., APPELLANT.

[Cite as *State, ex rel. Foreman, v. Indus. Comm.* (1992), 64 Ohio St.3d 70.]

(No. 90–1920—Submitted April 7, 1992—Decided June 17, 1992.)

*Philip A. Marnecheck,* for appellee.

*David R. Cook,* for appellant.

*Per Curiam.* We confine our review to determine whether the Busby, Ljuboja and Gross reports, on which the commission expressly relied, constituted "some evidence" to support its decision. We agree with the appellate court's analysis in all but one respect, and, accordingly, reverse and affirm its decision in part.

Drs. Ljuboja and Busby examined claimant pursuant to his earlier application for permanent partial disability compensation under former R.C. 4123.-57(B). The doctors respectively found a forty percent and five percent permanent partial impairment. However, as we recently held in *State, ex rel. Kaska, v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 591 N.E.2d 235, a medical report that finds a permanent condition in response to an examination for permanent partial impairment is not automatically "some evidence" precluding temporary total disability compensation.

*Kaska* distinguished *State, ex rel. Delk, v. Indus. Comm., supra,* on which the commission relies, noting that in *Delk,* the doctor specifically examined the claimant for temporary total impairment and opined that the claimant had a permanent partial, not temporary total, impairment. We thus found in *Delk* that the report was "some evidence" supporting the denial of temporary total disability compensation. *Kaska,* however, like the case at bar, involved, in part, the "permanency" opinions of certain doctors who had examined the claimant for permanent partial, not temporary total, impairment. In such cases, we held that the mere finding of a permanent partial impairment, without more, was not "some evidence" supporting the denial of temporary total disability compensation.

Unlike Drs. Busby or Ljuboja, however, Dr. Gross examined claimant specifically for temporary total impairment and concluded that claimant's condition was "permanent." The appellate court, however, rejected Dr. Gross' April 11, 1985 report because it did not predate the entire period of temporary total disability alleged—September 10, 1984 to November 20, 1986.

Clearly, Dr. Gross' permanency opinion is not probative of claimant's condition for the period preceding his examination and, therefore, is not probative from September 10, 1984 through April 8, 1985. *State, ex rel. Case, v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30. The appellate court correctly vacated that portion of the commission's order which

denied temporary total disability compensation from September 10, 1984 through April 8, 1985. We find, however, that Dr. Gross' report is "some evidence" supporting the denial of temporary total disability compensation for the period following his examination—April 9, 1985 to November 20, 1986.

We, therefore, affirm that portion of the appellate court's judgment that vacated the commission's denial of temporary total disability compensation from September 10, 1984 through April 8, 1985. We reverse that portion of the judgment which vacated the denial of temporary total disability compensation from April 9, 1985 to November 20, 1986.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.