[This opinion has been published in *Ohio Official Reports* at 64 Ohio St.3d 70.]

THE STATE, EX REL. FOREMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; MTD PRODUCTS, INC., APPELLANT.

[Cite as *State ex rel. Foreman, v. Indus. Comm.*, 1992-Ohio-3.]

*Workers' compensation—Doctor report is "some evidence" supporting denial of temporary total disability compensation for the period following the examination.*

(No. 90-1920—Submitted April 7, 1992—Decided June 17, 1992.)

APPEAL from the Court of Appeals for Franklin County, No. 89AP-70.

_____

{¶ 1} Claimant-appellee, Kelvin Lee Foreman, was injured in the course of and arising from his employment with appellant, MTD Products, Inc. On May 28, 1985, a commission district hearing officer denied claimant's request for temporary total disability compensation after finding that claimant could return to his former position of employment and that he had a permanent condition. Unable to prevail on administrative appeal, claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion by denying him temporary total disability compensation.

{¶ 2} Upon review, the court of appeals suspected that the commission had used an improper standard for determining the permanency of claimant's disability. It, therefore, issued a limited writ that vacated the commission's order and directed the commission to clarify its decision.

{¶ 3} Pursuant to the appellate court's directive, commission staff hearing officers reconsidered claimant's request for temporary total disability

compensation. The staff hearing officers denied temporary total disability compensation "for the period of 9-10-84 to 11-19-86"[1]:

"* * * on the basis that claimant's disability had become permanent based on the reports of Drs. Gross, Busby and 3-5-84 report of Dr. Ljuboja. The decision of [*State, ex rel.*] *Delk v. Industrial Commission* [(1988), 35 Ohio St.3d 187, 519 N.E.2d 638] was also considered in making this determination. The court determined in that case that a report of permanent partial impairment constituted evidence supporting termination of Temporary Total compensation due to permanency."

{¶ 4} Claimant again filed a complaint in mandamus in the appellate court, alleging further abuse of the commission's discretion. The appellate court held that the reports of Drs. Busby and Ljuboja were not "some evidence" supporting the commission's decision. It also found that although Dr. Gross did support the conclusion that claimant had reached maximum medical improvement, Dr. Gross did not examine claimant until April 9, 1985—"six months after the beginning of the September 10, 1984 to November 20, 1986 period for which disability benefits were sought." Because the report did "not support the denial of temporary total disability benefits for the entire period of September 10, 1984 to November 20, 1986," the court again vacated the commission's order and directed further consideration of the permanency question.

{¶ 5} This cause is now before this court upon an appeal as of right.

––––––––––––––––––

*Philip A. Marnecheck*, for appellee.

*David R. Cook*, for appellant.

––––––––––––––––––

––––––––––––––––––

1. It appears from the record that the staff hearing officers' order should have read "9-10-84 *through* 11-19-86," as claimant returned to gainful employment on November 20 or 21, 1986.

**Per Curiam.**

{¶ 6} We confine our review to determine whether the Busby, Ljuboja and Gross reports, on which the commission expressly relied, constituted "some evidence" to support its decision. We agree with the appellate court's analysis in all but one respect, and, accordingly, reverse and affirm its decision in part.

{¶ 7} Drs. Ljuboja and Busby examined claimant pursuant to his earlier application for permanent partial disability compensation under former R.C 4123.57(B). The doctors respectively found a forty percent and five percent permanent partial impairment. However, as we recently held in *State, ex rel. Kaska, v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 591 N.E.2d 235, a medical report that finds a permanent condition in response to an examination for permanent partial impairment is not automatically "some evidence" precluding temporary total disability compensation.

{¶ 8} Kaska distinguished *State, ex rel. Delk, v. Indus. Comm.*, *supra*, on which the commission relies, noting that in *Delk*, the doctor specifically examined the claimant for temporary total impairment and opined that the claimant had a permanent partial, not temporary total, impairment. We thus found in Delk that the report was "some evidence" supporting the denial of temporary total disability compensation. *Kaska*, however, like the case at bar, involved, in part, the "permanency" opinions of certain doctors who had examined the claimant for permanent partial, not temporary total, impairment. In such cases, we held that the mere finding of a permanent partial impairment, without more, was not "some evidence" supporting the denial of temporary total disability compensation.

{¶ 9} Unlike Drs. Busby or Ljuboja, however, Dr. Gross examined claimant specifically for temporary total impairment and concluded that claimant's condition was "permanent." The appellate court, however, rejected Dr. Gross' April 11, 1985 report because it did not predate the entire period of temporary total disability alleged—September 10, 1984 to November 20, 1986.

{¶ 10} Clearly, Dr. Gross' permanency opinion is not probative of claimant's condition for the period preceding his examination and, therefore, is not probative from September 10, 1984 through April 8, 1985. *State, ex rel. Case, v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30. The appellate court correctly vacated that portion of the commission's order which denied temporary total disability compensation from September 10, 1984 through April 8, 1985. We find, however, that Dr. Gross' report is "some evidence" supporting the denial of temporary total disability compensation for the period following his examination—April 9, 1985 to November 20, 1986.

{¶ 11} We, therefore, affirm that portion of the appellate court's judgment that vacated the commission's denial of temporary total disability compensation from September 10, 1984 through April 8, 1985. We reverse that portion of the judgment which vacated the denial of temporary total disability compensation from April 9, 1985 to November 20, 1986.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

———————————