[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 179.]

THE STATE EX REL. CAREY, APPELLANT, *v*. AMERICAN SEAWAY FOODS, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Carey v. Am. Seaway Foods, Inc.*, 1999-Ohio-321.]

*Workers' compensation–Industrial Commission's denial of application for wage-loss compensation affirmed in part, when–Applicability of Ohio Adm.Code 4125-1-01.*

(No. 97-2457–Submitted September 14, 1999–Decided November 17, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD11-1448.

_____

{¶ 1} Appellant-claimant, Donald Carey, injured his right wrist in 1989 in an industrial accident. After missing six months of work, he returned to his former job with appellee American Seaway Foods, Inc. ("Seaway"), doing heavy lifting. In June 1992, claimant left Seaway, allegedly due to injury. In February 1993, he began working at a company called Handl-it, Inc.

{¶ 2} Claimant thereafter filed motions for wage-loss compensation with appellee Industrial Commission of Ohio. These motions cumulatively sought wage-loss compensation from June 1, 1992 through July 21, 1995. They were accompanied by two medical capacity forms from Dr. James Holt. The first form dated October 27, 1992, indicated that claimant could do no lifting. The second dated July 24, 1995, stated that claimant could lift up to ten pounds infrequently.

{¶ 3} Claimant also submitted documentation of weekly hours and earnings. Many weeks reflected forty or more hours, while others reflected fewer hours.

{¶ 4} On March 7, 1996, staff hearing officers denied wage-loss compensation from June 1, 1992 through October 26, 1992 and granted it from October 27, 1992 through May 20, 1993. They found that Dr. Holt's October 27,

1992 report was medical evidence supporting payment over the latter period, but determined that the report was not "some evidence" for any periods predating it. Seaway's appeal was dismissed.

{¶ 5} On July 10, 1996, a staff hearing officer ruled on claimant's wage-loss request for the period May 21, 1993 through July 21, 1995. In its order the commission ruled that claimant had established all the prerequisites to wage loss. However, in calculating the amount of wage loss pursuant to R.C. 4123.56(B)— *i.e.*, pre-injury wage minus post-injury wage times two-thirds—the commission imputed income to the claimant by basing claimant's post-injury wage on a forty-hour week. This effectively decreased what claimant perceived to be his wage loss and, in turn, the amount of weekly wage-loss compensation. Claimant's appeal of the July 10, 1996 order was refused.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation from June 1, 1992 through October 26, 1992, and in imputing income to him from May 21, 1993 through July 21, 1995. The court of appeals denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*Ticktin, Baron, Koepper & Co., L.P.A.*, and *Harold Ticktin*, for appellant.

*Rademaker, Matty, McClelland & Greve* and *Lynn R. Grabiak*, for appellee American Seaway Foods, Inc.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____

*Per Curiam*.

{¶ 8} Two periods are at issue: June 1, 1992 through October 26, 1992, and May 22, 1993 through July 21, 1995. For the reasons to follow, we uphold the commission's disposition as to the first period only.

{¶ 9} As to the former period, Seaway initially challenges our jurisdiction, citing both a dismissal with prejudice by the court of appeals of an earlier mandamus action challenging wage-loss denial, and the commission's dismissal of Seaway's appeal of the March 7, 1996 order.

{¶ 10} We do not find our jurisdiction to be impaired. The dismissal of the first mandamus action was a voluntary dismissal by claimant premised on vacation of the commission's initial denial order of January 24, 1994, followed by a commission rehearing on March 7, 1996 on his wage-loss compensation application. Dismissal, did not, therefore, imply that claimant agreed to forgo any right to further wage-loss compensation. Seaway's other jurisdictional argument is confusing, since it appears to accuse claimant of using this litigation to challenge a nonappealable order. Since mandamus is the appropriate forum for such a challenge, we find no merit in Seaway's argument.

{¶ 11} We turn to claimant's assertion that the commission abused its discretion in denying wage-loss compensation from June 1, 1992 through October 26, 1992. The commission correctly noted that the first evidence of any medical restrictions was Dr. Holt's October 27, 1992 report. Based upon this evidence, the commission was willing to award wage loss after October 27, but not before that date. Claimant argues that Holt's medical restrictions should be applied retroactively. The commission was not required to do so. *State ex rel. Foreman v. Indus. Comm*. (1992), 64 Ohio St.3d 70, 591 N.E.2d 1236, permits the commission to reject as nonprobative, medical evidence that postdates the disability period in question.

**{¶ 12}** Claimant also objects to the imputation of income to him during the period May 21, 1993 through July 21, 1995. We find in favor of the claimant, but for reasons other than those advanced by the parties.

**{¶ 13}** Ohio Adm.Code 4125-1-01(F)(3)(b) formally incorporates income imputation into the wage-loss compensation scheme. Ohio Adm.Code 4125-1-01(H)(2), however, states that "this rule shall not apply to the adjudication of entitlement to wage loss compensation for any period(s) before the effective date of this rule." Since Ohio Adm.Code 4125-1-01 became effective on May 15, 1997, and all periods currently at issue precede that date, we find it to be inapplicable.

**{¶ 14}** Accordingly, that portion of the court of appeals judgment upholding the denial of wage-loss compensation from June 1, 1992 through October 26, 1992, is affirmed. The rest of the judgment is reversed, and the cause is returned to the commission for further proceedings on the issue of wage-loss compensation from May 21, 1993 through July 21, 1995.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals in toto.

––––––––––––––––––