THE STATE EX REL. CAREY, APPELLANT, *v.* AMERICAN
SEAWAY FOODS, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Carey v. Am. Seaway*
*Foods, Inc.* (1999), 87 Ohio St.3d 179.]

(No. 97–2457—Submitted September 14, 1999—Decided November 17, 1999.)

180

*Ticktin, Baron, Koepper & Co., L.P.A.,* and *Harold Ticktin,* for appellant.

*Rademaker, Matty, McClelland & Greve* and *Lynn R. Grabiak,* for appellee American Seaway Foods, Inc.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

**Per Curiam.** Two periods are at issue: June 1, 1992 through October 26, 1992, and May 22, 1993 through July 21, 1995. For the reasons to follow, we uphold the commission's disposition as to the first period only.

As to the former period, Seaway initially challenges our jurisdiction, citing both a dismissal with prejudice by the court of appeals of an earlier mandamus action challenging wage-loss denial, and the commission's dismissal of Seaway's appeal of the March 7, 1996 order.

We do not find our jurisdiction to be impaired. The dismissal of the first mandamus action was a voluntary dismissal by claimant premised on vacation of the commission's initial denial order of January 24, 1994, followed by a commission rehearing on March 7, 1996 on his wage-loss compensation application. Dismissal, did not, therefore, imply that claimant agreed to forgo any right to further wage-loss compensation. Seaway's other jurisdictional argument is confusing, since it appears to accuse claimant of using this litigation to challenge a nonappealable order. Since mandamus is the appropriate forum for such a challenge, we find no merit in Seaway's argument.

We turn to claimant's assertion that the commission abused its discretion in denying wage-loss compensation from June 1, 1992 through October 26, 1992.

The commission correctly noted that the first evidence of any medical restrictions was Dr. Holt's October 27, 1992 report. Based upon this evidence, the commission was willing to award wage loss after October 27, but not before that date. Claimant argues that Holt's medical restrictions should be applied retroactively. The commission was not required to do so. *State ex rel. Foreman v. Indus. Comm.* (1992), 64 Ohio St.3d 70, 591 N.E.2d 1236, permits the commission to reject as nonprobative, medical evidence that postdates the disability period in question.

Claimant also objects to the imputation of income to him during the period May 21, 1993 through July 21, 1995. We find in favor of the claimant, but for reasons other than those advanced by the parties.

Ohio Adm.Code 4125–1–01(F)(3)(b) formally incorporates income imputation into the wage-loss compensation scheme. Ohio Adm.Code 4125–1–01(H)(2), however, states that "this rule shall not apply to the adjudication of entitlement to wage loss compensation for any period(s) before the effective date of this rule." Since Ohio Adm.Code 4125–1–01 became effective on May 15, 1997, and all periods currently at issue precede that date, we find it to be inapplicable.

Accordingly, that portion of the court of appeals judgment upholding the denial of wage-loss compensation from June 1, 1992 through October 26, 1992, is affirmed. The rest of the judgment is reversed, and the cause is returned to the commission for further proceedings on the issue of wage-loss compensation from May 21, 1993 through July 21, 1995.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals in toto.