DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Grace Bartley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that the commission did not abuse its discretion in denying relator's request for TTD, as Dr. Farrell's report constitutes "some evidence" upon which the commission could rely in denying relator's application for TTD compensation. Therefore, the magistrate recommended that this court deny the requested writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision in which she essentially re-argues the same points addressed in the magistrate's decision. The basis of relator's objections is that speculation of a medical opinion into the past, or into the future, does not constitute probative evidence and, therefore, the commission abused its discretion when it considered the opinion of Dr. Farrell.
 {¶ 4} Relator relies on State ex rel. Foreman v.Indus. Comm. (1992), 64 Ohio St.3d 70, and State exrel. Abner v. Mayfield (1992), 62 Ohio St.3d 423, to support her position that Dr. Farrell's January 2004 reports cannot be used because his examination took place prior to the April 2004 request for TTD compensation. However, we agree with the magistrate's conclusion that relator's reliance on these cases is misplaced. In Foreman, the court found that a medical report was not probative of a claimant's condition for the disability period preceding the examination. However, the court found that the report did constitute "some evidence" supporting the denial of TTD compensation for the period following the examination.
 {¶ 5} Therefore, as concluded by the magistrate,Foreman does not apply in the present case, as Dr. Farrell did not issue an opinion regarding a time periodpredating relator's application for TTD compensation. Because Dr. Farrell did not opine as to the permanency of relator's condition for a disability period prior to his examination of relator, the commission was not required to remove his report from consideration.
 {¶ 6} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, relator's objections to the Magistrate's decision are overruled and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Petree and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Grace Bartley, :
 Relator, :
v. : No. 04AP-825
Fahey Banking Company and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on February 28, 2005 Michael J. Muldoon, for relator.
Jim Petro, Attorney General, and Lasheyl N. Sowell, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} Relator, Grace Bartley, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to said compensation.
Findings of Fact:
 {¶ 8} 1. Relator sustained a work-related injury on August 18, 1999, and her claim was originally allowed for: "contusion of buttock; lumbar strain/sprain; lumbosacral sprain/strain."
 {¶ 9} 2. On November 21, 2003, relator filed a motion requesting that her claim be allowed for a psychological condition which was supported by the November 10, 2003 report of Michael Glenn Drown, Ph.D.
 {¶ 10} 3. Relator was also examined by Michael T. Farrell, Ph.D.
 {¶ 11} 4. Based upon reports of Dr. Farrell, dated January 13 and January 20, 2004, the commission additionally allowed relator's claim for: "aggravation of pre-existing depressive disorder-NOS and anxiety disorder-NOS." In his January 13, 2004 report, Dr. Farrell noted as follows:
* * * [I]t is my opinion that Ms. Bartley does experience both a Depressive Disorder-NOS and an Anxiety Disorder-NOS. * * * The only psychological impairment would be a mild impairment in stress tolerance. Only a very small percentage, approximately 15% of her current depression and anxiety is related to the soft tissue injury of record. Given the length of time since the job injury of record, the influence of multiple unrelated life/health stressors, her voluntary election to take retirement from her long-term employment, her seventy-seven years of age, her election not to take any form of prescribed psychotropic medication, and her limited psychological insight/preference for medical explanations of her problems, it is my opinion that she would not be a good candidate for traditional psychotherapy. These same factors, combined with the pre-existing nature of her depression and anxiety, render the above noted psychological conditions to be permanent and maximally medically improved.
 {¶ 12} In his January 20, 2004 report, Dr. Farrell stressed that relator had a pre-existing anxiety disorder and depressive disorder which were aggravated by the job injury.
 {¶ 13} 5. On April 22, 2004, relator filed a motion requesting that she be paid TTD compensation from April 12 through June 15, 2004, based upon the report of Dr. Drown recommending a 26-week period of intensive cogitative and behavioral therapy. Relator also attached the April 29, 2004 report of J.T. Spare, M.D., who opined that she was temporarily and totally disabled due to the allowed psychological condition.
 {¶ 14} 6. Relator's motion was heard before a district hearing officer ("DHO") on June 15, 2004. The DHO denied relator's request for the period of TTD compensation based upon the reports of Dr. Farrell for the following reasons:
The District Hearing Officer relies on the report of Dr. Farrell dated 1/13/04. This report was recently relied on by the Industrial Commission in granting the psychological conditions (see District Hearing Officer order dated 3/03/2004). Dr. Farrell, while agreeing that this condition is related to the claim, is specific and unequivocal as to her employability based on these allowed psychological conditions. Dr. Farrell opines that "the related psychopathology in no way prevents her from resuming her previous employment activity or other forms of sustained remunerative work." In his report of 1/13/2004, Dr. Farrell believed the injured worker had reached maximum medical improvement for the psychological conditions.
 {¶ 15} 7. Relator's appeal was heard before a staff hearing officer ("SHO") on July 22, 2004, and resulted in an order affirming the prior DHO order in all respects.
 {¶ 16} 8. Relator's further appeal was refused by order of the commission mailed August 10, 2004.
 {¶ 17} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel.Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus.Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v.Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 19} TTD compensation awarded pursuant to R.C. 4123.56
has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement ("MMI"). R.C.4123.56(A). MMI is defined in Ohio Adm. Code 4121-3-32(A)(1) as follows:
* * * [A] treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. An injured worker may need supportive treatment to maintain this level of function.
A finding of MMI precludes the payment of TTD compensation. State ex rel. Peabody Coal Co. v. Indus.Comm. (1993), 66 Ohio St.3d 639.
 {¶ 20} The commission denied relator's request for TTD compensation beginning April 12, 2004, based upon the January 2004 reports of Dr. Farrell. Dr. Farrell had opined that relator's psychological condition had reached MMI and did not preclude her from returning to work. Relator does not challenge Dr. Farrell's report nor his conclusion that she had reached MMI and could return to work. Instead, relator asserts that Dr. Farrell's January 2004 reports cannot be used to deny her TTD compensation beginning in April 2004 because he did not examine her during the requested period of TTD compensation. Relator cites State ex rel. Foreman v.Indus. Comm. (1992), 64 Ohio St.3d 70, and State exrel. Abner v. Mayfield (1992), 62 Ohio St.3d 423, in support of her argument; however, neither of those cases support relator's assertion.
 {¶ 21} In Foreman, the court confined its review to a determination of whether the reports of Drs. Busby, Ljuboja, and Gross, upon which the commission expressly relied, constituted "some evidence" to support the commission's decision to deny claimant's request for TTD compensation after finding that he could return to his former position of employment and that he had a permanent condition. The court noted that Drs. Busby and Ljuboja had examined the claimant previously with regard to his earlier application for permanent partial disability compensation under former R.C. 4123.57(B). The doctors had found a 40 percent and five percent permanent partial impairment respectively. Relying on its recent decision in State ex rel. Kaska v. Indus. Comm.
(1992), 63 Ohio St.3d 743, the court noted that a medical report that finds a permanent condition in response to an examination for permanent partial impairment is not automatically "some evidence" precluding TTD compensation. As such, the court found that the reports of Drs. Busby and Ljuboja were not "some evidence."
 {¶ 22} However, the report of Dr. Gross, dated April 11, 1985, was found not probative of claimant's condition for the period preceding his examination and therefore was not probative from September 10, 1984 through April 8, 1985. However, the court found that Dr. Gross' report was "some evidence" supporting the denial of TTD compensation for the period following his examination. As such, Foreman does not apply in the present case as Dr. Farrell did not issue an opinion regarding a time period predating relator's application.
 {¶ 23} In Abner, the commission had relied upon the report of Dr. Moser who found that the claimant's condition had become permanent as a result of a November 1983 automobile accident; however, because Dr. Moser did not examine the claimant until November 3, 1987, his opinion as to the permanency of claimant's condition prior to that time was not probative. Again, this is not the situation presented in the present case.
 {¶ 24} In the present case, the commission relied upon medical evidence that relator's condition had reached MMI as of January 2004, when Dr. Farrell examined relator. Thereafter, relator sought TTD compensation beginning in April 2004. Inasmuch as Dr. Farrell was not asserting that her condition was permanent prior to his examination, the commission was not required to remove his report from consideration.
 {¶ 25} Furthermore, to the extent that relator is raising a staleness argument, the magistrate finds this argument lacks merit. In State ex rel. Hiles v. NetcareCorp. (1996), 76 Ohio St.3d 404, the court rejected as "stale" reports relative to an application for permanent partial disability which predated the application by 16, 31 and 16 months respectively. The court noted, however, that a finding of evidentiary staleness should always be approached cautiously and that the more relevant issue is the content of the report and the question at issue. In State ex rel. Nicholson v. Hondaof America MFG., Inc. (Aug. 6, 1998), Franklin App. No. 97APE05-683, this court refused to label as stale a medical report solely because the report, upon which the commission relied in terminating TTD (based upon MMI), was issued over a year before the period for which wage loss was sought. This court reasoned that MMI contemplates a period of medical stability. Here, Dr. Farrell's report concerning the existence of and the extent of a psychological condition was rendered in January 2004 and relator's application for TTD compensation was filed April 2004. The magistrate finds that the report was not stale.
 {¶ 26} Accordingly, it is the magistrate's decision that Dr. Farrell's report does constitute "some evidence" upon which the commission could rely in denying relator's application for TTD compensation and this court should deny relator's request for a writ of mandamus.