THE STATE EX REL. PONERIS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Poneris v. Indus. Comm.,*
111 Ohio St.3d 264, 2006-Ohio-5702.]

(No. 2006-0052—Submitted October 4, 2006—Decided November 15, 2006.)

Per Curiam.

{¶ 1} We are asked to determine whether appellee, Industrial Commission of Ohio, abused its discretion in refusing to start the payment of appellant Eleftherios Poneris's permanent total disability compensation as of June 9, 2001. We find no abuse of discretion.

{¶ 2} Poneris first applied for permanent total disability compensation on November 6, 2000. That application was denied on May 19, 2001. Two years later, several back conditions were additionally allowed in Poneris's claim. Poneris then filed a new application for permanent total disability compensation on June 9, 2003, that was supported by the May 15, 2003 report of Dr. Martin McTighe.

{¶ 3} The commission granted that motion on January 27, 2004, and backdated the commencement of permanent total disability compensation to May 15, 2003, based on Dr. McTighe's report. The commission specifically rejected Poneris's request to begin compensation as of June 9, 2001, finding that the July 31, 2001 report of Dr. John Roberts—on which Poneris had relied—did not specifically indicate that Poneris was permanently and totally disabled.

{¶ 4} Approximately five months later, Poneris filed a motion asking that his permanent total disability start date be reset to June 9, 2001. Poneris relied on a new report from Dr. Roberts dated June 25, 2004, that stated:

{¶ 5} "I have reviewed the medical records in regard to the above claimant. It is apparent that his back injury occurred in July, 1995. Surgery was performed by Dr. Richard Weimann in 1998. He [claimant] informed me that his temporary total disability payments stopped as of July, 1999, or approximately one year following the surgery performed by Dr. Weimann. Now that this individual is permanently and totally disabled it is my opinion that the starting date for that

level of disability should correctly be listed as July, 1999. I offer this opinion within reasonable medical probability."

{¶ 6} The commission denied the motion after concluding that (1) the issue was res judicata and (2) Dr. Roberts gave "no basis for his opinion that permanent total disability should start as of July, 1999." Poneris then filed a complaint in mandamus in the Court of Appeals for Franklin County, asserting that the commission had abused its discretion in refusing to further backdate the commencement of permanent total disability compensation. Affirming the commission's reasoning, the court of appeals denied the writ.

{¶ 7} This cause is now before this court on an appeal as of right.

{¶ 8} Once the commission's January 27, 2004 order had become final, it could be reopened only through the commission's exercise of continuing jurisdiction. That, in turn, could occur only if one of five prerequisites had been met: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188.

{¶ 9} None of these prerequisites is present in the case before us. The submission of Dr. Roberts's June 25, 2004 report may have been new evidence, but it did not constitute new and changed circumstances. *State ex rel. Keith v. Indus. Comm.* (1991), 62 Ohio St.3d 139, 580 N.E.2d 433.

{¶ 10} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents and would reverse the decision of the court of appeals and start the permanent total disability compensation as of June 9, 2001.

———

Harris & Burgin, L.P.A., and Jeffrey W. Harris, for appellant.

Jim Petro, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.