STATE EX REL. KNAPP, APPELLEE, *v.* INDUSTRIAL COMMISSION

OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Knapp v. Indus. Comm.,*

**134 Ohio St.3d 134, 2012-Ohio-5379.**]

*Workers' compensation—R.C. 4123.52—Industrial Commission abused its discretion in exercising continuing jurisdiction.*

(No. 2011-0672—Submitted August 21, 2012—Decided November 27, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-1038, 2011-Ohio-1088.

_____

**Per Curiam.**

{¶ 1} This workers' compensation case comes before us on an appeal of right from the Tenth District Court of Appeals' judgment granting appellee-claimant, Timothy Knapp, a writ of mandamus ordering the Industrial Commission to vacate its August 6, 2009 order. The appellants, Industrial Commission and Knapp's employer, Ferry Industries, Inc., seek to reinstate the August 6 order, which vacated a previously allowed claim for temporary total disability compensation ("TTC") on the grounds that a later statement by Knapp's examining physician had repudiated that same physician's earlier certifications that the disabling injury had not yet reached maximum medical improvement ("MMI"). When MMI status has been attained, temporary disability benefits cease. Therefore, the physician's later repudiation led the commission to declare that the TTC payments that had already been made had been overpayments, and it ordered recoupment of over $15,000 from Knapp.

{¶ 2} At the Tenth District, Knapp argued that the commission had lacked adequate grounds to exercise continuing jurisdiction, which the

commission needed in order to invalidate the earlier order. The Tenth District agreed with Knapp, and the court adopted the magistrate's conclusion that the subsequent repudiating opinion of Knapp's examining physician "cannot be relied upon by the commission to support the exercise of continuing jurisdiction." *State ex rel. Knapp v. Indus. Comm.*, 10th Dist. No. 09AP-1038, 2011-Ohio-1088, ¶ 71. Accordingly, the appeals court granted mandamus relief.

**{¶ 3}** We agree with the Tenth District's conclusion, and we affirm its judgment.

## I. Factual Background

**{¶ 4}** Knapp sustained an injury on May 30, 2008, when a lathe machine ejected a metal part that struck his right forearm. Knapp was examined by Dr. Steven Rodgers on September 19 and again on September 26, 2008, and he applied for TTC on September 26, basing his claim on Dr. Rodgers's medical examination. Dr. Rodgers identified the conditions of right-forearm abrasion, right-forearm contusion, right-shoulder strain, and right-rotator-cuff strain. On the C-84 form, Dr. Rodgers certified Knapp as being unable to return to work until October 16, 2008. As the diagnosis of the condition that prevented Knapp's return to work, Dr. Rodgers listed "923.10," which is the code for a forearm contusion. On the C-84 form, Dr. Rodgers indicated that the injury had not attained MMI.

**{¶ 5}** On October 22, November 19, and December 16, 2008, and then also on January 29 and February 24, 2009, Dr. Rodgers extended his certification of temporary total disability. In each instance, he postponed the estimated return-to-work date by a month, so that March 25, 2009, was the final return-to-work date. On each C-84 form, Dr. Rodgers marked a box to indicate that the right-forearm contusion had not reached MMI.

**{¶ 6}** Following a hearing, on December 1, 2008, a district hearing officer issued an order of TTC beginning September 22, 2008, based upon the C-

84 form Dr. Rodgers completed on September 26, 2008, and Knapp's treatment records. The decision allowed TTC based on right-forearm contusion. A staff hearing officer upheld the decision on January 12, 2009.

{¶ 7} On February 13, 2009, Dr. Steven A. Cremer performed an independent medical examination and opined that Knapp had reached MMI for the allowed condition in the claim—the contusion. The Bureau of Workers' Compensation ("BWC") forwarded this letter to Dr. Rodgers with the request that Rodgers state whether MMI had been reached and, if so, when. In a handwritten note dated March 6, 2009, Dr. Rodgers responded that the allowed condition of contusion had reached MMI, but that other conditions requested as additional allowances had not. Dr. Rodgers then stated: "MMI date for the contusion would have been prior to his initial visit with me, dated 9/19/08." Because the other conditions had been disallowed in parallel proceedings, Dr. Rodgers's note concerning the contusion's having reached MMI was the only relevant factor in Knapp's entitlement to benefits.

{¶ 8} On March 4, 2009, the BWC requested that the Industrial Commission terminate TTC on the basis of Dr. Cremer's opinion. By its own action on March 26, the BWC terminated ongoing TTC as of March 24. Following a hearing on March 26, a district hearing officer ordered that TTC be terminated as of March 6, the date of Dr. Rodgers's note.

{¶ 9} On May 19, 2009, Ferry Industries, Inc., filed a motion asking the commission to exercise continuing jurisdiction to vacate the entire award of TTC, which began on September 22, 2008. After a hearing on June 26, 2009, the district hearing officer granted relief by vacating the earlier award of TTC and declaring an overpayment. A staff hearing officer upheld the determination on August 6, 2009.

{¶ 10} Knapp filed his mandamus complaint in the court of appeals, and the case was referred to a magistrate. Based on a stipulated record, the magistrate

3

issued his decision on December 7, 2010, in favor of Knapp on the primary ground that Dr. Rodgers had had "no authority to render his March 6, 2009 opinion that [Knapp] had reached MMI at some point prior to the initial examination date," because no evidence established that he had reviewed any relevant medical evidence generated prior to his initial examination of Knapp on September 19, 2008. *State ex rel. Knapp*, 2011-Ohio-1088, ¶ 70. As a result, the March 6 "repudiation" could not be relied on by the commission to support the exercise of continuing jurisdiction. *Id*. at ¶ 71.

{¶ 11} The Tenth District adopted the magistrate's decision and granted the writ of mandamus. *Id*. at ¶ 20.

## II. Legal Analysis

{¶ 12} A writ of mandamus will not be granted against the Industrial Commission unless the relator shows an abuse of discretion by the commission that creates a clear legal right to the relief sought and a clear legal duty by the commission to afford the relief. *State ex rel. Rouch v. Eagle Tool & Machine Co.*, 26 Ohio St.3d 197, 198, 498 N.E.2d 464 (1986), citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967); *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 497 N.E.2d 70 (1986). We conclude that the Industrial Commission abused its discretion when it exercised continuing jurisdiction. Therefore, we affirm the judgment of the court of appeals.

{¶ 13} Pursuant to R.C. 4123.52, the Industrial Commission may exercise continuing jurisdiction to revisit an earlier allowance of a disability claim. Despite broad statutory language that "the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, is justified," this court has construed the commission's continuing jurisdiction to be limited to certain situations. In particular, the prerequisites for its exercise are (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal.

*State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 458-459, 692 N.E.2d 188 (1998), citing *State ex rel. Cuyahoga Hts. Local School Dist. Bd. of Edn. v. Johnston*, 58 Ohio St.2d 132, 388 N.E.2d 1383 (1979); *see also State ex rel. Griffey v. Indus. Comm.*, 125 Ohio St. 27, 31, 180 N.E. 376 (1932) (predecessor of R.C. 4123.52 "could not have been intended to take away all finality to the orders and findings of the commission").

**{¶ 14}** The commission regarded Dr. Rodgers's March 6 note as constituting "new and changed circumstances" in that the note constituted "newly discovered evidence which by due diligence could not have been discovered prior to the final administrative determination regarding the payment of [TTC]." The March 6 note repudiated the same doctor's previous certifications that MMI had not been attained as to the right-forearm contusion.

**{¶ 15}** The court of appeals concluded that Dr. Rodgers's March 6 note was unreliable, inasmuch as the note offered an opinion that the injury had reached MMI *prior to* Rodgers's first examining Knapp on September 19, 2008. The court held that a "doctor cannot offer an opinion on a claimant's extent of disability for a period that precedes the doctor's examination of the claimant" unless certain safeguards are observed. *State ex rel. Knapp*, 2011-Ohio-1088, ¶ 68-69, citing *State ex rel. Foor v. Rockwell Internatl.*, 78 Ohio St.3d 396, 399, 678 N.E.2d 554 (1997), citing *State ex rel. Case v. Indus. Comm.*, 28 Ohio St.3d 383, 504 N.E.2d 30 (1986); *see also State ex rel. Bowie v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 458, 460, 663 N.E.2d 926 (1996) ("certain safeguards must apply when dealing with a report that is not based on an examination done contemporaneously with the claimed period of disability," one such safeguard being "that the doctor review all of the relevant medical evidence generated prior to that time"). In *Foor*, we articulated the straightforward logic behind the principle: a condition "can change with time, and simply because a claimant was not temporarily totally disabled at one point does not mean that

claimant could not be so disabled later." *Foor* at 399. Thus, the court concluded that the commission could not rely on the March 6 handwritten note to support the exercise of continuing jurisdiction.

{¶ 16} We agree. On six occasions after Knapp's injury, Dr. Steven Rodgers certified to the Bureau of Workers' Compensation that a right-forearm contusion prevented Knapp from working. Then, puzzlingly, Dr. Rodgers changed his diagnosis. He told the bureau in the March 6 note that the contusion actually had reached MMI before he first examined Knapp and that it was not the contusion, but rather other aspects of Knapp's injury, that rendered him incapable of work. There can be no continuing jurisdiction under circumstances like these.

{¶ 17} First, there were no new and changed circumstances in this case. New and changed circumstances means "there exists newly discovered evidence." Industrial Commission Resolution No. R08-1-01. There is no evidence that Dr. Rodgers conducted a fresh review of Knapp's file, let alone examined him, before writing the March 6 note that reflects a change in his opinion about why Knapp could not work. Thus, the opinion did not justify continuing jurisdiction, because it did not represent new and changed circumstances but rather was simply untrustworthy new evidence. *See State ex rel. Poneris v. Indus. Comm.*, 111 Ohio St.3d 264, 2006-Ohio-5702, 855 N.E.2d 1203, ¶ 6, 9 (doctor's report gave no basis for the doctor's opinion, so although it "may have been new evidence, * * * it did not constitute new and changed circumstances"); *State ex rel. Abner v. Mayfield*, 62 Ohio St.3d 423, 425-426, 583 N.E.2d 1311 (1992) (doctor's opinion as to permanency of claimant's condition prior to his first examination "is not probative").

{¶ 18} Second, continuing jurisdiction is not appropriate in cases like this one, when the claimed new evidence was readily discoverable at the time of the award. *State ex rel. Keith v. Indus. Comm.,* 62 Ohio St.3d 139, 141-142, 580 N.E.2d 433 (1991) (the evidence must be not merely newly acquired information,

but rather proof that "conditions have changed subsequent to the initial award"); Industrial Commission Resolution No. R08-1-01 (reconsideration appropriate when newly discovered evidence "by due diligence could not have been discovered and filed by the appellant" before the initial awards). In other words, we reserve continuing jurisdiction, with its potential for destabilizing commission determinations, for situations in which circumstances truly have changed since the award.

{¶ 19} In this case, the evidence that purportedly supported the exercise of continuing jurisdiction was readily discoverable before the commission awarded total temporary disability compensation to Knapp. If we are to believe Dr. Rodgers's March 6 note, his opinion has not changed, and so the commission could have learned the actual nature of his assessment during the six months that he certified Knapp's disability as relating to a contusion. Our focus is on whether the evidence *is in fact new* at the time of the "new and changed circumstances" claim. In this case, Dr. Rodgers issued a new opinion apparently without any further examination of Knapp or review of his file, so his March 6 note related to absolutely no new evidence or information.

{¶ 20} Third and finally, unreliable information, such as equivocal evidence, should not give rise to continuing jurisdiction, with its ability to unravel settled determinations for injured workers. As we have explained, "equivocation occurs when a doctor repudiates an earlier opinion [or] renders contradictory or uncertain opinions." *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649, 657, 640 N.E.2d 815 (1994). "Repudiated, contradictory or uncertain statements reveal that the doctor is not sure what he means and, therefore, they are inherently unreliable." *Id.* Thus, equivocal evidence has no probative value. *Id.* It is difficult to imagine evidence more equivocal than a doctor's handwritten note that contradicts, without explanation, his six prior certifications to the commission.

### III. Conclusion

**{¶ 21}** We hold that the commission abused its discretion in exercising continuing jurisdiction over this case. Accordingly, we affirm the judgment of the court of appeals granting a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and MCGEE BROWN, JJ., concur.

CUPP, J., concurs in the judgment for the reasons stated in ¶ 20 of the opinion.

_____

Shapiro, Shapiro & Shapiro Co., L.P.A., Daniel L. Shapiro, and Leah P. Vanderkaay, for appellee.

Michael DeWine, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellant Industrial Commission of Ohio.

Weston Hurd, L.L.P., and Michael J. Spisak, for appellant Ferry Industries, Inc.

_____