DECISION
{¶ 1} Relator, Sharon S. Standerfer, filed an original action in mandamus requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order, which denied her request for temporary total disability ("TTD") compensation, and ordering the commission to find that she is entitled to that compensation.
 {¶ 2} We referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to the magistrate's decision have been filed.
 {¶ 3} Finding no error on the face of the magistrate's decision, and based on our independent review, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained in it, as our own. Accordingly, we deny the requested writ.
Writ of mandamus denied.
PETREE and TYACK, JJ., concur.
 APPENDIX A *Page 3 MAGISTRATE'S DECISION {¶ 4} Relator, Sharon S. Standerfer, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's request for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to that compensation. Findings of Fact: *Page 4 
 {¶ 5} 1. Relator sustained a work-related injury on March 28, 2001, and her claim was originally allowed for the following physical conditions: "sprain of left ankle; aggravation left lateral malleolus fracture; RSD of the left extremity; fracture right ankle."
 {¶ 6} 2. Relator received a period of TTD compensation for the allowed physical conditions. Her initial award of TTD compensation was terminated on May 22, 2003, based upon medical evidence indicating that her allowed physical conditions had reached maximum medical improvement ("MMI").
 {¶ 7} 3. Thereafter, relator's claim was allowed for the following psychological condition: "depressive disorder."
 {¶ 8} 4. Relator began treating with psychiatrist Ross F. Grumet, M.D., in December 2005. The stipulated evidence contains copies of Dr. Grumet's office notes from December 2005 through January 2007. Dr. Grumet prescribed various medications, including Effexor and Ambien. Dr. Grumet's notes also indicate that relator continued seeing her treating psychologist, Urszula Klich, Ph.D., on a weekly basis. Dr. Klich's treatment involved teaching relator how to express her emotions and teaching her coping responses with regards to her pain and psychosocial stressors.
 {¶ 9} 5. The record also contains an independent medical examination performed by J. David Hubbard dated March 14, 2007, as well as addendums dated March 27 and May 9, 2007. Dr. Hubbard was responding to certain letters which are not contained in the stipulated record. Further, Dr. Hubbard specifically indicated that he lacked documentation from relator's psychiatrist and that the lack of documentation made his task more difficult. He indicated that a diagnosis of depression was appropriate and that treatment with antidepressants and psychotherapy was also *Page 5 
appropriate. Further, he indicated that, if relator had received adequate psychiatric attention, it was reasonable for depression to resolve within two to three years. However, Dr. Hubbard noted that, without copies of relator's records, he could not determine if her reports of symptomology accurately reflected what she had reported to Dr. Grumet.
 {¶ 10} 6. On March 3, 2007, relator submitted a C-84 signed by Dr. Grumet seeking an award of TTD compensation. On the form, Dr. Grumet listed the disability dates as December 2001 to unknown.
 {¶ 11} 7. Relator's application for TTD compensation was heard before a district hearing officer ("DHO") on March 29, 2007 and was granted. The DHO determined that TTD compensation was payable from December 22, 2005 based upon the C-84 and office notes of Dr. Grumet. Further, the DHO determined that Dr. Grumet's records adequately established that relator was temporarily and totally disabled as the records reflected ongoing treatment, including medication and counseling.
 {¶ 12} 8. Respondent Kohl's Dept. Stores, Inc. ("employer") appealed and the matter was heard before a staff hearing officer ("SHO") on May 10, 2007. The SHO vacated the prior DHO order and denied relator's request for TTD compensation for the following reasons:
 The C-84, filed 03/07/2007, indicates a requested period of temporary total compensation from "December 2001" to "unknown." The date of the last examination is listed as 01/25/2007, and the C-84 is signed by Dr. Grumet on 01/25/2007. This Hearing Officer finds said medical proof insufficient to support the injured worker's request for any temporary total compensation at this time. Dr. Grumet has failed to adequately explain the basis for his opinion of temporary total disability in the period prior to the examination of 01/25/2007. Therefore, temporary total *Page 6 
compensation is specifically denied from "December 2001" through 01/25/2007, as requested on the C-84.
 {¶ 13} 9. Relator's further appeal was refused by order of the commission mailed May 24, 2007.
 {¶ 14} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 16} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of *Page 7 
claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A); State ex rel. Ramirez v.Indus. Comm. (1982), 69 Ohio St.2d 630.
 {¶ 17} For the reasons that follow, it is the magistrate's decision that this court should deny relator's request for a writ of mandamus.
 {¶ 18} In the present case, the commission denied relator's request for TTD compensation after determining that relator's medical proof was insufficient to support the request for any period of TTD compensation at this time. The commission noted that Dr. Grumet had failed to adequately explain the basis for his opinion as Dr. Grumet had noted that relator was disabled from December 2001 to an unknown date.
 {¶ 19} The commission's determination that relator's medical evidence was insufficient is supported by this court's decision in State ex rel.Fries v. Admr, Ohio Bur. of Workers' Comp., Franklin App. No. 01AP-721, 2002-Ohio-3252, at ¶ 18. In Fries, this court reasoned that "the disability period caused by a given medical condition is a medical issue which must be supported by `some' medical evidence. While the commission may properly choose between competing or conflicting medical views, it may not create a period of disability out of whole cloth." InFries, the various doctors' reports did not contain evidence of any specific period of disability for the claimant's allowed conditions.
 {¶ 20} In the present case, Dr. Grumet did not give a specific period of disability. Instead, he opined that relator had been disabled due to the allowed psychological condition from December 2001, four years before he even began treating her, to some *Page 8 
unknown date in the future. The magistrate finds that the commission did not abuse its discretion in finding that this evidence was insufficient.
 {¶ 21} Relator argues further that there is other medical evidence in the record upon which the commission could have relied to justify a period of TTD compensation. Specifically, relator points out that Dr. Hubbard had opined that a period of two-to-three years was a reasonable time frame in which the condition of depression ordinarily resolves. Since she did not begin treatment with Dr. Grumet until December 2005, the commission should have granted her a period of compensation. Further, relator argues that the commission was required to specify the reasons it rejected the "uncontroverted evidence." (Relator's brief, at 10.)
 {¶ 22} Relator is correct to assert that, when the commission rejects uncontroverted evidence instead of relying on opposing evidence, the commission is required to provide a brief explanation for its rejection. See State ex rel. Davis v. Indus. Comm., Franklin App. No. 01AP-1371, 2002-Ohio-4444. However, in the present case, the magistrate finds that the commission did comply with the requirements of Noll.
 {¶ 23} First, the commission specifically explained why the C-84 from Dr. Grumet was rejected. The commission stated that Dr. Grumet failed to identify a specific period of disability. Second, while the DHO had relied upon Dr. Grumet's treatment notes, the SHO did not. Upon review of those notes, the magistrate finds that Dr. Grumet did not identify a period of disability in his treatment notes. As such, although those notes do demonstrate ongoing treatment, there is nothing in those notes attesting to a period of disability. Third, although Dr. Hubbard indicated that a period of two-to-three years was reasonable for a case of depression to resolve, Dr. Hubbard also noted that he had not *Page 9 
been provided with all of relator's psychiatric evidence and, further, he was not asked to determined whether any period of disability was supported by the record. Instead, Dr. Hubbard was only asked to opine whether or not relator's depression was causally related to the work-related injury. As such, even his records did not support a period of compensation.
 {¶ 24} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying her request for TTD compensation and this court should deny her request for a writ of mandamus. *Page 1