OPINION
{¶ 1} Relator, Findlay Industries ("relator"), filed an original action asking this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding respondent Betty A. Miles-Thorpe *Page 2 
("claimant") temporary total disability ("TTD") compensation, and to enter an order denying that compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, which includes findings of fact and conclusions of law and is appended to this opinion, recommending that this court issue a writ of mandamus ordering the commission to amend its order.
 {¶ 3} No party has filed objections to the magistrate's findings of fact, and we adopt them as our own. Most important for our purposes here, the commission awarded claimant TTD compensation for the following closed periods: (1) April 12 to July 23, 2006; and (2) August 30, 2006 to April 16, 2007. The magistrate concluded that the commission did not abuse its discretion in awarding compensation for the first period, April 12 to July 23, 2006. No party objected to that conclusion.
 {¶ 4} Claimant has filed objections "to that portion of the Magistrate's Decision which orders the Industrial Commission to deny [TTD] from August 30, 2006 through April 16, 2007 and asserts that it should be amended, at the most, to deny the [commission's] grant of [TTD] from August 30, 2006 through October 3, 2006 — the date the MEDCO14 form is signed by Dr. Reddy's partner." Claimant's objections misread the magistrate's decision. The magistrate concluded that the commission abused its discretion by awarding compensation for the second period, August 30, 2006 to April 16, 2007. The magistrate concluded, instead, that the commission should have awarded compensation only for the period August 30, 2006 to October 28, 2006, not for the entire period, as claimant's objections suggest. *Page 3 
 {¶ 5} As for the magistrate's conclusion that the commission should have awarded TTD compensation only for the period from August 30, 2006 to October 28, 2006, we agree with the magistrate's reasoning and conclusion. The April 13, 2008 report of Krishna B. Reddy, M.D., is not evidence upon which the commission could rely; the October 4, 2006 C-84 of Jonathan J. Paley, M.D., supports the order, as amended by the magistrate. The MEDCO14 form to which claimant refers does not change this conclusion. As relator notes, the MEDCO14 form, signed by Andreas H. Syllaba, D.O., indicated that claimant could return to work on September 18, 2006, with restrictions. It did not indicate that claimant should be awarded TTD for any period of time. Therefore, we overrule claimant's objections.
 {¶ 6} Based on our independent review of the record in this matter, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we grant a writ of mandamus ordering the commission to amend the May 14, 2008 order so that the second closed period of the TTD compensation award shall run from August 30, 2006 to October 28, 2006, rather than August 30, 2006 to April 16, 2007.
Objections overruled, writ of mandamus granted.
SADLER and TYACK, JJ., concur. *Page 4 
 MAGISTRATE'S DECISION Rendered on December 17, 2008 IN MANDAMUS {¶ 7} In this original action, relator, Findlay Industries, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding respondent Betty A. Miles-Thorpe ("claimant") temporary total disability ("TTD") compensation for two closed periods from April 12 to July 23, 2006 *Page 5 
and from August 30, 2006 to April 16, 2007, and to enter an order denying said compensation.
Findings of Fact: {¶ 8} 1. On May 14, 2002, claimant sustained an industrial injury while employed at an assembly job for relator, a self-insured employer under Ohio's workers' compensation laws.
 {¶ 9} 2. The industrial claim (No. 02-826865) has been allowed for "left bicipital tenosynovitis; sprain right acromioclavicular; right shoulder sprain; right impingement syndrome; right rotator cuff tear; right rotator cuff tendonitis."
 {¶ 10} 3. On April 12, 2006, claimant underwent arthroscopic left shoulder surgery performed by Jonathan J. Paley, M.D. The record contains Dr. Paley's operative report dated April 12, 2006.
 {¶ 11} 4. On September 18, 2006, Dr. Paley wrote:
 * * * This individual was last seen by me on August 29, 2006. She had returned to work at Johnson Controls with some restrictions. She was not able to do four different jobs and was subsequently laid off. She still has complaints of right shoulder pain and discomfort, but also has issues with the left shoulder as well. The left shoulder is presently not recognized for anything but a bicipital tenosynovitis.
 She underwent an arthroscopic surgery on April 12, 2006 of the left shoulder at which time a significant synovitis and bursitis in the subacromial space with a tendinosis was identified.
 * * * I feel that an over reliance has been placed onto the left shoulder as a result of the right shoulder injury and that she continues to aggravate the issues associated, not only with the left bicipital tenosynovitis, but also has developed a *Page 6 
compensatory subacromial tendinosis of the rotator cuff and a synovitis/bursitis of the subacromial space. These things were diagnosed at the time of surgery. It is not uncommon that people who do overhead activity develop bursitis involving both shoulders, especially postoperatively when a greater reliance is placed onto the contralateral non-surgical side. I feel that this is the case with Betty Miles.
 I therefore respectfully request that the additional diagnoses of left shoulder rotator cuff tendinosis and left shoulder bursitis be added to the claim as being occupationally related. I feel that this is an over compensatory mechanism and requires treatment. It is clear that the repetitive overhead activity and the over reliance on the left shoulder to protect the surgical right side has inflamed the left shoulder to the point where it requires treatment. * * *
 {¶ 12} 5. On October 4, 2006, Dr. Paley completed a C-84. On the C-84, Dr. Paley indicated that August 29, 2006 was the date of last examination or treatment. He certified TTD from August 29, 2006 to an estimated return-to-work date of October 29, 2006. In response to a query on the C-84 form, Dr. Paley indicated that claimant is "able to return to other employment including light duty, alternative work, modified work or transitional work." He further wrote "no lifting greater than 25 lbs.[,] no repetitive overhead lifting."
 {¶ 13} 6. On May 25, 2007, claimant moved for additional allowances in the claim.
 {¶ 14} 7. Following an October 2, 2007 hearing, a district hearing officer ("DHO") issued an order additionally allowing the claim for "left shoulder bursitis and left shoulder rotator cuff tendonitis."
 {¶ 15} 8. Relator administratively appealed the DHO's order of October 2, 2007. *Page 7 
 {¶ 16} 9. Following a November 28, 2007 hearing, a staff hearing officer ("SHO") issued an order additionally allowing the claim for "left shoulder bursitis and left shoulder rotator cuff tendonitis." The SHO's order states reliance upon Dr. Paley's September 18, 2007 report.
 {¶ 17} 10. On January 3, 2008, another SHO refused relator's administrative appeal from the SHO's order of November 28, 2007.
 {¶ 18} 11. Earlier, on December 11, 2007, Krishna B. Reddy, M.D., who practices at the Dayton Pain Center, completed a C-84. Dr. Reddy listed November 20, 2007 as the date of last examination or treatment. On the C-84, Dr. Reddy certified TTD from April 12, 2005 to an estimated return-to-work date of March 31, 2008. Dr. Reddy incorrectly listed April 12, 2005 rather than April 12, 2006, as the start date.
 {¶ 19} 12. On January 2, 2008, Dr. Paley completed another C-84. On this C-84, Dr. Paley again indicated that August 29, 2006 was the date of last examination or treatment. He then certified TTD from April 11, 2006 to an estimated return-to-work date of October 17, 2006.
 {¶ 20} 13. On January 3, 2008, claimant moved for TTD compensation. On her motion, claimant indicated support from Dr. Reddy's December 11, 2007 C-84.
 {¶ 21} 14. Following a March 3, 2008 hearing, a DHO issued an order denying claimant's January 3, 2008 motion.
 {¶ 22} 15. Claimant administratively appealed the DHO's order of March 3, 2008.
 {¶ 23} 16. On April 13, 2008, Dr. Reddy wrote:
 Ms. Betty Thorpe is a patient of this clinic since September 18, 2006, as a referral from Dr. Glenda Lopez *Page 8 
and was seen by Dr. Andreas Syllaba during the first visit. * * *
 Ms. Thorpe does complain of left shoulder pain, which she feels like a knife stabbing. At the time of the injury, she was working at Findley Industries doing the assembly job of pushing-pulling filler panels with repetitive work on a daily basis. She does complain of a sharp pain, which is stabbing in character associated with tingling and numbness. She was seen and was operated by Dr. Jonathan Paley. She last saw Dr. Paley roughly about one-and-a-half years ago and was told that nothing much can be done to her. She underwent surgery on her left shoulder. She has undergone physical therapy on the left shoulder and went back to work and was on light restriction without any pushing-pulling without any repetitive usage. She was sent home because there was no such job was available. She does complain [that her] left shoulder still pops and her pain shoots to the left side of the neck.
 * * *
 The patient claims that she was off work from April 11, 2006 till the end of April 16, 2007 at which time she has undergone training for class B drivers license and obtained license to drive the school bus for the North Mount School District.
 * * *
 There was an error made at the time of submission of C-84 from our office. The dates were recorded from and to are wrong [sic]. It should state the temporary total disability from April 11, 2006 to April 16, 2007. I am herewith reissuing C-84 with the temporary total disability from April 11, 2006 to April 16, 2007.
 {¶ 24} 17. If Dr. Reddy reissued the C-84 as asserted in the April 13, 2008 report, the C-84 cannot be found in the commission's claim file. *Page 9 
 {¶ 25} 18. Following a May 14, 2008 hearing, an SHO issued an order that vacates the DHO's order of March 3, 2008 and grants TTD compensation for two closed periods:
 The Staff Hearing Officer finds that the injured worker was unable to return to and perform the duties of her former position of employment as a result of this industrial injury for the two closed periods from 04/12/2006 to 07/23/2006 and from 08/30/2006 to 04/16/2007. Temporary total disability compensation benefits are ordered paid for these periods of time, less any accident and sickness benefits received by the injured worker from this employer.
 The Staff Hearing Officer further finds that the injured worker returned to employment on 07/24/2006 and again on 04/17/2007.
 The Staff Hearing Officer finds that the injured worker's surgery, undertaken by Dr. Paley on 04/12/2006, constitutes a change in circumstance related to treatment of the allowed conditions in the claim supporting the requested periods of disability.
 This order is based upon the injured worker's testimony, the report of Dr. Reddy dated 04/13/2008, and the reports of Dr. Paley dated 10/04/2006, 01/02/2008, 09/18/2006, 04/12/2006, and 10/01/2007.
 {¶ 26} 19. On June 4, 2008, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of May 14, 2008.
 {¶ 27} 20. On July 10, 2008, relator, Findlay Industries, filed this mandamus action.
Conclusions of Law: {¶ 28} The issue is whether the commission has stated reliance upon some evidence to support its TTD award for the closed periods from April 12 to July 23, 2006, and from August 30, 2006 to April 16, 2007. *Page 10 
 {¶ 29} The first closed period of the award starts TTD compensation as of the date of surgery performed by Dr. Paley up to claimant's July 24, 2006 return to work at Findlay Industries.
 {¶ 30} The second closed period of the award starts TTD compensation as of August 30, 2006, which is the day after claimant's last examination by Dr. Paley. TTD compensation ends on the date prior to claimant's April 17, 2007 return to work.
 {¶ 31} Analysis begins with the observation that on October 4, 2006, Dr. Paley initially certified TTD to begin August 29, 2006, the date of his last examination. However, on January 2, 2008, some 16 months after the August 29, 2006 examination, Dr. Paley backdated his certification of TTD to the day prior to the April 12, 2006 surgery. The commission relied upon both C-84s to support TTD compensation from April 12 to July 23, 2006.
 {¶ 32} According to relator, Dr. Paley cannot certify TTD prior to the August 29, 2006 examination. Relator presents three arguments to support this contention: (1) the January 2, 2008 C-84 of Dr. Paley is allegedly based "solely" on the August 29, 2006 examination; (2) the January 2, 2008 C-84 was not prepared by Dr. Paley contemporaneously with the period of TTD being certified; and (3) allegedly, Dr. Paley did not treat claimant during the period of TTD being certified.
 {¶ 33} Disagreeing with relator's arguments, the magistrate finds that Dr. Paley was competent to certify TTD as of the date of surgery and, thus, his certification on the January 2, 2008 C-84 provides the commission some evidence to support the award for the closed period April 12 to July 23, 2006. *Page 11 
 {¶ 34} As a general rule, a doctor cannot offer an opinion on a claimant's extent of disability for a period that precedes the doctor's examination of the claimant. State ex rel. Foor v. RockwellInternatl. (1997), 78 Ohio St.3d 396, 399; State ex rel. Foreman v.Indus. Comm. (1992), 64 Ohio St.3d 70, 72; State ex rel. Abner v.Mayfield (1992), 62 Ohio St.3d 423; State ex rel. Kroger Co. v.Morehouse (1995), 74 Ohio St.3d 129, 133; and State ex rel. Case v.Indus. Comm. (1986), 28 Ohio St.3d 383, 387.
 {¶ 35} A doctor who does offer an opinion as to the claimant's extent of disability that is retrospective of the date of his examination is treated as a nonexamining doctor as to his retrospective opinion. Under such scenario, the doctor must observe certain safeguards if his retrospective opinion is to be accepted as evidence in a commission proceeding. State ex rel. Bowie v. Greater Cleveland Regional TransitAuth. (1996), 75 Ohio St.3d 458.
 {¶ 36} Here, Dr. Paley's certification of TTD prior to the August 29, 2006 examination does not violate the general rule that a doctor cannot offer an opinion on a claimant's extent of disability for a period preceding the doctor's examination. Obviously, Dr. Paley examined claimant during the April 12, 2006 surgery that he performed. Thus, Dr. Paley's certification of TTD is prospective of the surgery date and meets the requirement of the general rule.
 {¶ 37} As noted above, relator argues that the January 2, 2008 C-84 of Dr. Paley is based "solely" on the August 29, 2006 examination. Relator's argument derives from the fact that the C-84 form only asks the doctor to list the date of last examination or treatment. The C-84 form does not ask the doctor to list all of the dates that the doctor has examined or treated the claimant. *Page 12 
 {¶ 38} Clearly, Dr. Paley's January 2, 2008 C-84 need not be read as a certification based "solely" upon the date of last examination. Relator cites to no authority to support its contention.
 {¶ 39} Dr. Paley delayed 16 months after his August 29, 2006 examination to certify TTD prior to the examination. Relator argues that this noncontemporaneous certification cannot constitute some evidence upon which the commission can rely. Again, relator cites to no authority to support this contention. Clearly, the delay in rendering the certification retroactive to the surgery date goes to the weight of the evidence which is for the commission to determine, but it does not automatically render the delayed certification of no evidentiary value as relator suggests here.
 {¶ 40} Relator's third contention, as noted above, is that the C-84 cannot constitute some evidence because allegedly Dr. Paley did not treat claimant during the period of TTD being certified. Relator's reliance upon State ex rel. Simon v. Indus. Comm., 71 Ohio St.3d 186,1994-Ohio-203, is misplaced.
 {¶ 41} In Simon, the commission denied TTD compensation for the period February 25, 1988 through May 3, 1990, on grounds that the claimant was not being treated by any physician over that period. However, the commission did award TTD compensation beginning May 4, 1990 based upon a report from a Dr. Weinstein. In mandamus, the claimant challenged the commission's denial of TTD compensation for the period February 25, 1988 through May 3, 1990. The claimant argued that the lack of treatment does not necessarily equate to a lack of disability. The Simon court states:
 While a lack of treatment may not always equate to a lack of disability, it can, as here, equate to a lack of proof thereof. The commission did not abuse its discretion in rejecting Dr. *Page 13 
Weinstein's 1988 report, since he addressed neither claimant's ability to return to his former position of employment nor the temporariness of claimant's condition. That report also noted that the only symptomatic condition at that time was a wrist injury unrelated to the claim at issue.
Id. at 188.
 {¶ 42} In this case, claimant was treated by Dr. Paley on April 12, 2006 during the surgery. The record indicates that Dr. Paley examined claimant some four and one-half months after the surgery, on August 29, 2006. The commission did not address any issue regarding lack of treatment, nor was it required to do so.
 {¶ 43} It is clear that claimant was being treated during the period of Dr. Paley's certification of TTD. Apparently, the commission, in weighing the evidence before it, was not persuaded that the extent of treatment diminished in any way the reliability of Dr. Paley's certifications. This was a determination within the commission's fact-finding discretion.
 {¶ 44} Contrary to relator's suggestion, Simon does not mandate to this court a de novo review of the relied upon evidence based upon the extent of treatment disclosed by the record. Again, relator's reliance upon Simon is misplaced.
 {¶ 45} Based upon the above analysis, Dr. Paley's C-84s dated October 4, 2006 and January 2, 2008 constitute some evidence relied upon by the commission to support the TTD award for the closed period from April 12 to July 23, 2006.
 {¶ 46} The closed period of the award from August 30, 2006 to April 16, 2007 requires an analysis of Dr. Reddy's April 13, 2008 report on which the commission relied. *Page 14 
 {¶ 47} Dr. Reddy's April 13, 2008 report indicates no examination by Dr. Reddy other than the one performed on April 13, 2008, which was the subject of the report. The magistrate again notes that Dr. Reddy's December 11, 2007 C-84 indicates that an examination occurred on November 20, 2007. Thus, under the authorities cited above, Dr. Reddy's certification of TTD for a period prior to November 20, 2007 cannot constitute some evidence upon which the commission can rely. In short, Dr. Reddy's report of April 13, 2008 does not support the TTD award for the closed period at issue, i.e., from August 30, 2006 to April 16, 2007.
 {¶ 48} Only Dr. Paley's C-84s provide some evidence supporting part of the closed award from August 30, 2006 to April 16, 2007. In fact, relator concedes that Dr. Paley's C-84 dated October 4, 2006 provides some evidence supporting the TTD award "from 8/29/06 to 10/29/06." (Relator's reply brief at 5.)
 {¶ 49} While Dr. Paley's C-84s support the award up to October 29, 2006, there is no evidence to support the award from October 29, 2006 through April 16, 2007. Accordingly, that portion of the award must be vacated by the commission.
 {¶ 50} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to amend the May 14, 2008 order of its SHO so that the second closed period of the award runs from August 30 through October 28, 2006, rather than through April 16, 2007. *Page 1