[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ritzie v. Reece-Campbell, Inc.,* Slip Opinion No. 2015-Ohio-5224.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5224

THE STATE EX REL. RITZIE, APPELLANT, *v.* REECE-CAMPBELL, INC., ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ritzie v. Reece-Campbell, Inc.,* Slip Opinion No. 2015-Ohio-5224.]

*Workers' compensation—Temporary total disability—Industrial Commission articulated reasonable basis for finding that chiropractor's opinion was not persuasive—Judgment denying writ of mandamus affirmed.*

(No. 2014-1437—Submitted September 1, 2015—Decided December 16, 2015.)

APPEAL from the Court of Appeals for Franklin County, No. 13AP-669, 2014-Ohio-2782.

_____

**Per Curiam**.

{¶ 1} Appellant, Fred Ritzie, appeals the decision of the Tenth District Court of Appeals denying his request for a writ of mandamus that would require

appellee Industrial Commission to award him temporary-total-disability compensation for the period beginning December 8, 2011.

{¶ 2} The court of appeals determined that the commission did not abuse its discretion when it concluded that there was no persuasive medical evidence that the claimant's 1994 industrial injury rendered him temporarily and totally disabled as of December 8, 2011. Consequently, the court denied the writ. We agree and affirm the judgment of the court of appeals.

{¶ 3} Ritzie was injured in the course and scope of his employment on November 10, 1994. His workers' compensation claim was allowed for lumbosacral sprain, lumbar-disc displacement, and postoperative infection. He returned to light-duty work on September 25, 1995.

{¶ 4} On August 7, 2007, Ritzie began treating with Brian R. Nobbs, a chiropractor. During the next two years, the commission authorized additional periods of temporary-total-disability compensation,[1] approved additional lumbar conditions, and increased his permanent partial disability to 29 percent.

{¶ 5} On September 23, 2009, Ritzie began working as a truck driver for a new employer. On January 24, 2010, during the course of employment, he was injured in a motor-vehicle accident. His 2010 workers' compensation claim was allowed for neck, upper-back, and shoulder injuries. He was paid temporary-total-disability compensation until he settled the claim on December 7, 2011 for the sum of $99,999. He did not return to work.

{¶ 6} The record reflects that while temporarily and totally disabled as a result of the 2010 motor-vehicle accident, Ritzie continued chiropractic treatments from Dr. Nobbs for his lower back in 2011 and 2012. Dr. Nobbs described the medical care as episodic and supportive treatments necessary to keep Ritzie

---

[1] The commission paid temporary-total-disability compensation from August 7, 2007, to April 6, 2008. Ritzie returned to work on April 7, 2008. Compensation was also paid from December 4, 2008, until he returned to work on July 11, 2009.

functioning. In a March 6, 2012 report, Dr. Nobbs described Ritzie's condition as chronic but shown to improve with treatment. Dr. Nobbs stated that because of the chiropractic treatments, Ritzie had been able to work until his 2010 injury. Also in 2012, Ritzie had an MRI and received lumbar epidural steroid injections from Jonathan J. Paley, M.D.

{¶ 7} On July 12, 2012, the Bureau of Workers' Compensation additionally allowed three lumbar conditions in the 1994 claim: annular tear at L4-5, retrolisthesis at L5-S1, and biforaminal stenosis L3-4 L4-5.[2] Three weeks later, Ritzie filed a Form C-84 requesting temporary-total-disability compensation for the period beginning December 8, 2011—the day after his 2010 claim settled—based on the newly allowed conditions.

{¶ 8} The commission concluded that Ritzie had not presented persuasive medical evidence establishing that he was temporarily and totally disabled as of December 8, 2011. The commission's order explained:

> The Office notes of Dr. Nobbs from 01/20/2010 to 02/07/2012 in Claim No. 94-544482 noted the treatment and did not mention [Ritzie] was disabled. In addition, the office note dated 12/15/2011 indicated [Ritzie's] condition was improving. The 04/01/2011 report of Dr. Nobbs documented [Ritzie's] need for treatment in his 1994 claim, the reason for the treatment, and how the treatment allowed [him] to stay in the work force until the 2010 incident; this report did not opine that [Ritzie] was disabled due to the conditions in Claim No. 94-544482. As a result, the Commission finds [Ritzie] has not met his burden of proof that he was temporarily and totally disabled for the period noted in this order.

---

[2] The bureau's order was based, in part, on the MRI report and a February 20, 2012 report from Dr. Nobbs that does not appear in the record.

{¶ 9} Ritzie filed a complaint seeking a writ of mandamus that would require the commission to vacate its order denying compensation and to award temporary-total-disability benefits beginning December 8, 2011. The court of appeals denied the requested writ.

{¶ 10} Ritzie's appeal as of right is now before the court.

{¶ 11} To qualify for temporary-total-disability compensation, a claimant must demonstrate that he or she is medically unable to work as a result of the allowed conditions of the claim. *State ex rel. Floyd v. Formica Corp.*, 140 Ohio St.3d 260, 2013-Ohio-3614, 17 N.E.3d 547; *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35. This requires some medical evidence that the disability period is caused by an allowed medical condition. *State ex rel. Standerfer v. Indus. Comm.*, 10th Dist. Franklin No. 07AP-930, 2008-Ohio-3947, ¶ 19.

{¶ 12} Ritzie's sole proposition of law states that the commission "may not unilaterally reject uncontroverted medical evidence, orders authorizing additional treatment, and orders allowing additional conditions in the claim, the totality of which establish that the injured worker could not return to the duties of his former position of employment." He argues that the commission should have considered the totality of the evidence to establish that he was unable to return to work and that it was unnecessary for the records to contain the words "temporary total disability."

{¶ 13} In an order granting or denying compensation, the commission is required to specifically state the evidence relied upon and briefly explain the reasoning for its decision. *State ex rel. Metz v. GTC, Inc.*, 142 Ohio St.3d 359, 2015-Ohio-1348, 30 N.E.3d 941, ¶ 14. The commission may not arbitrarily reject competent medical proof. *State ex rel. Hutton v. Indus. Comm.*, 29 Ohio St.2d 9, 13-14, 278 N.E.2d 34 (1972). The commission must articulate some reasonable basis to reject a physician's finding based on evidence in the record. *State ex rel.*

*Eberhardt v. Flxible Corp*., 70 Ohio St.3d 649, 655, 640 N.E.2d 815 (1994); *State ex rel. Pavis v. Gen. Motors Corp.,* 65 Ohio St.3d 30, 33, 599 N.E.2d 272 (1992).

**{¶ 14}** Here, the commission articulated a reasonable basis for finding that Dr. Nobbs's opinion was not persuasive. The commission explained that the office notes of Dr. Nobbs did not mention that Ritzie had become disabled as a result of the allowed conditions in Claim No. 94-544482, but rather Dr. Nobbs had stated that Ritzie's condition improved as a result of chiropractic treatments. The commission also noted that the April 1, 2011 report of Dr. Nobbs documented Ritzie's need for treatments and that those treatments had enabled him to work until his 2010 accident.

**{¶ 15}** The record reflects that during 2009 and thereafter, Dr. Nobbs's office records for the 1994 injury primarily concentrated on chiropractic treatments described as episodic and supportive for a chronic condition. There was no indication that Dr. Nobbs considered Ritzie's condition to have deteriorated to the point where he was considered to be temporarily and totally disabled or why Ritzie's disability began the day after he settled his 2010 claim. According to Dr. Nobbs and Dr. Paley, the chiropractic treatments and pain medications helped maintain Ritzie's then-current functioning.

**{¶ 16}** In addition, Ritzie relies on the order allowing additional medical conditions in his claim. Adding new conditions to a claim does not necessarily guarantee the payment of a new period of temporary-total-disability compensation. *State ex rel. Carlson v. Avon Prods., Inc*., 10th Dist. Franklin No. 08AP-38, 2008-Ohio-6083, ¶ 40; *State ex rel. Wyrebaugh v. Indus. Comm*., 10th Dist. Franklin No. 06AP-610, 2007-Ohio-1939, ¶ 37 ("newly allowed conditions constitute new and changed circumstances which *may* warrant the payment of a new period of TTD [temporary-total-disability] compensation *provided that* all other requirements for the payment of TTD compensation are met. In other words, the burden remains on

the claimant to establish that the newly allowed conditions render claimant temporarily and totally disabled" [emphasis sic]).

{¶ 17} The commission is exclusively responsible for evaluating the weight and credibility of the evidence. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165, 169, 429 N.E.2d 433 (1981). This court defers to the commission's expertise in evaluating disability. *State ex rel. Pass v. C.S.T. Extraction Co.,* 74 Ohio St.3d 373, 376, 658 N.E.2d 1055 (1996).

{¶ 18} Here, the commission's decision that Dr. Nobbs's opinion was not persuasive was reasonable and supported by facts in the record. Thus, the commission did not abuse its discretion when it denied Ritzie's request for compensation for the period beginning December 8, 2011.

{¶ 19} Because Ritzie failed to demonstrate that he was entitled to mandamus relief, the court of appeals properly denied the writ. We affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Law Office of James A. Whittaker, L.L.C., Laura I. Murphy, and James A. Whittaker, for appellant.

Michael DeWine, Attorney General, and LaTawnda N. Moore, Assistant Attorney General, for appellee Industrial Commission.

_____