[Cite as *State ex rel. Henry v. Indus. Comm.*, 2025-Ohio-658.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Chiyana Henry, | : | |
| Relator, | : | No. 23AP-506 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on February 27, 2025

**On brief:** *Nager, Romaine & Schneiberg Co. L.P.A.*, and *Leah Vanderkaay*, for relator.

**On brief:** *Michael C. O'Malley*, Prosecuting Attorney, and *Matthew T. Fitzsimmons IV*, for respondent Cuyahoga County.

**On brief:** *Dave Yost*, Attorney General, and *John Smart*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Chiyana Henry, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her request for temporary total disability ("TTD") compensation and to enter an order granting the requested compensation.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate.  The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate determined the commission abused its discretion in denying the request for TTD compensation for the entirety of the requested period by relying on a physician's report that stated TTD compensation was warranted for some portion of the requested period and in failing to consider the impact of the additionally allowed condition.  Thus, the magistrate recommends we grant a limited writ remanding the matter to the commission for reconsideration.

{¶ 3}   The commission and respondent Cuyahoga County filed objections to the magistrate's decision.  Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).

I.  Background

{¶ 4}   As set forth more fully in the magistrate's decision, Ms. Henry sustained a workplace injury in December 2020 during her employment with Cuyahoga County as a juvenile detention officer when a juvenile spit in her face and punched her twice in the left eye.  Ms. Henry filed an application for workers' compensation benefits, and her claim originally was allowed for the conditions of conjunctival hemorrhage, left eye; and contusion of eyeball and orbital tissues, left eye.  Cuyahoga County offered Ms. Henry a light-duty job within her physical work restrictions, effective April 7, 2021.  Ms. Henry did not return to work, and Cuyahoga County placed Ms. Henry on non-disciplinary disability separation on June 27, 2021.

{¶ 5}   On May 15, 2021, a staff hearing officer ("SHO") additionally allowed the claim for the conditions of substantial aggravation of pre-existing right wrist strain, right thumb sprain, and right wrist tendinitis.  The SHO granted a closed period of TTD from December 30, 2020 to April 6, 2021, noting Ms. Henry did not request TTD compensation beyond April 6, 2021.

{¶ 6}   After the commission awarded Ms. Henry the closed period of TTD compensation, the commission continued to additionally allow more claims on separate

dates. As relevant here, on April 12, 2022, the commission allowed the claim for adjustment disorder with mixed anxiety and depressed mood. In the April 12, 2022 order allowing the psychological condition, the commission relied on a March 13, 2022 report of Dr. Deborah Koricke, Ph.D. Dr. Koricke also filed a corrected report on March 24, 2022.

{¶ 7} Ms. Henry then filed, on May 19, 2022, a request for TTD compensation from April 7, 2021 through August 1, 2022 and continuing due to the newly allowed psychological condition. Ms. Henry supported her request for TTD compensation with reports from Dr. James Medling, Ph.D., who opined Ms. Henry was unable to work due to the allowed psychological condition, disabling her from May 10, 2022 through December 1, 2022. Additionally, Dr. Rebecca Alperin, Ph.D. opined there is support for ongoing TTD from May 27, 2021 through May 11, 2022 and continuing based on the allowed psychological condition. On August 19, 2022, a district hearing officer ("DHO") granted Ms. Henry's request for TTD compensation from May 27, 2021 through August 15, 2022 and continuing upon submission of proof. The DHO relied on the reports of Dr. Medling and Dr. Alperin.

{¶ 8} After the DHO granted Ms. Henry's request for TTD based on the allowed psychological condition, Dr. Koricke filed a September 19, 2022 addendum to her March 24, 2022 report. In the addendum, Dr. Koricke opined Ms. Henry does not meet the criteria for the allowed psychological condition and that TTD for the allowed psychological condition is only merited from May 27, 2021 to February 11, 2022.

{¶ 9} On September 28, 2022, an SHO vacated the DHO's August 19, 2022 order and denied Ms. Henry's request for TTD compensation. The SHO determined Ms. Henry failed to sustain her burden of proving she was rendered temporarily and totally disabled for the requested period due to the allowed condition. The SHO made its findings based on Dr. Koricke's September 19, 2022 report. When the commission refused Ms. Henry's appeal, she filed the instant complaint for a writ of mandamus.

{¶ 10} As referenced above, the magistrate determined the commission abused its discretion in denying Ms. Henry's application for TTD compensation. More specifically, the magistrate found the SHO did not rely on some evidence to support the denial of TTD compensation from April 7, 2021 to February 11, 2022. The SHO stated it relied on Dr. Koricke's September 19, 2022 report to deny TTD compensation, but the magistrate noted Dr. Koricke explicitly opined that TTD compensation from the allowed psychological

condition was warranted from May 27, 2021 through February 11, 2022, and Dr. Koricke's report did not address the propriety of TTD compensation from the period of April 7, 2021 to May 27, 2021.

{¶ 11} Additionally, the magistrate determined the SHO improperly denied Ms. Henry's requested TTD compensation by finding, pursuant to R.C. 4123.56(F), that Ms. Henry was not unable to work as a result of an impairment from her workplace injury because she had refused Cuyahoga County's offer of light-duty work. The magistrate explained that because Ms. Henry's psychological condition was not allowed until one year after the offer of light-duty work, the SHO erroneously failed to consider the additional restrictions on Ms. Henry's ability to return to work stemming from the newly allowed condition before concluding R.C. 4123.56(F) barred her request for TTD compensation. Thus, the magistrate concluded the commission abused its discretion in denying Ms. Henry's TTD application and recommends this court grant Ms. Henry a limited writ of mandamus remanding the matter to the commission for reconsideration.

{¶ 12} Cuyahoga County filed two objections to the magistrate's decision, and the commission filed one objection. Respondents do not challenge the magistrate's recitation of the pertinent facts; however, respondents object to the magistrate's conclusion that the commission abused its discretion in denying Ms. Henry's request for TTD compensation. We address each of these objections in turn.

## II. Law and Analysis

{¶ 13} To be entitled to a writ of mandamus, Ms. Henry must demonstrate a clear legal right to the relief sought, that the commission has a clear legal duty to provide such relief, and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-63 (1967). Mandamus may lie if the commission abused its discretion by entering an order unsupported by evidence in the record or if there is a legal basis to compel the commission to perform its duties in accordance with law. *State ex rel. Cassens Corp. v. Indus. Comm.*, 2024-Ohio-526, ¶ 10. If some evidence exists in the record to support the commission's findings, this court may not "second-guess the commission's evaluation of the evidence." *State ex rel. Black v. Indus. Comm.*, 2013-Ohio-4550, ¶ 22.

## A. Cuyahoga County's First Objection

{¶ 14} In its first objection, Cuyahoga County argues the magistrate erred in finding the SHO's order is not supported by some evidence. More specifically, Cuyahoga County argues that because Ms. Henry requested TTD compensation from April 7, 2021 through August 1, 2022 and continuing, Ms. Henry was required to prove she was temporarily and totally disabled for the entirety of the requested period. Since the SHO relied on a report stating Ms. Henry was entitled to TTD compensation for only a portion of the requested period, Cuyahoga County argues the SHO had some evidence supporting its decision to deny Ms. Henry TTD compensation for the entirety of the requested period.

{¶ 15} As a general matter, we agree with Cuyahoga County that a claimant bears the burden of demonstrating entitlement to TTD compensation. *State ex rel. Ritzie v. Reece-Campbell, Inc.*, 2015-Ohio-5224, ¶ 11 ("[t]o qualify for [TTD] compensation, a claimant must demonstrate that he or she is medically unable to work as a result of the allowed conditions of the claim"). However, we do not agree with Cuyahoga County's unsupported position that where a claimant requests TTD compensation for a specified period and the commission relies on medical evidence showing the claimant is entitled to TTD only for some portion of the specified period, the commission must deny TTD compensation for the entirety of the requested period. Instead, as this court has previously explained, the commission may grant TTD compensation for the portion of the requested period for which the claimant can demonstrate entitlement to the award. *See State ex rel. Findlay Indus. v. Indus. Comm.*, 2009-Ohio-2165, ¶ 6 (10th Dist.) (granting writ of mandamus ordering the commission to amend its order to award TTD compensation only for a portion of the requested period); *State ex rel. Tate v. Regional Transit Authority*, 1989 Ohio App. LEXIS 1176 (10th Dist. Mar. 28, 1989) (granting writ of mandamus ordering the commission to issue an order finding claimant is entitled to TTD compensation for a portion of the requested period, not the entirety of the requested period).

{¶ 16} Because we do not agree with Cuyahoga County's proposed all-or-nothing approach to consideration of applications for TTD compensation, the magistrate did not err in finding there was not some evidence to support the SHO's decision to deny TTD for

the entirety of the requested period. Therefore, we overrule Cuyahoga County's first objection to the magistrate's decision.

### B. Cuyahoga County's Second Objection

{¶ 17} In its second objection to the magistrate's decision, Cuyahoga County argues the magistrate erred in improperly interpreting the SHO's decision. The magistrate determined the SHO failed to consider the impact of the newly allowed psychological condition on its application of R.C. 4123.56(F). Cuyahoga County asserts the magistrate merely assumed the SHO failed to consider the allowed psychological condition. We disagree.

{¶ 18} In its orders, "the commission must specifically state the evidence that it relied upon and briefly explain the reasoning for its decision." *State ex rel. Metz v. GTC, Inc.*, 2015-Ohio-1348, ¶ 14, citing *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), syllabus. "The commission is not required to list all the evidence that it considered in its order, but only that which it relied upon to reach its conclusion." *Id.*, citing *State ex rel. Buttolph v. Gen. Motors Corp, Terex Div.*, 79 Ohio St.3d 73, 77 (1997).

{¶ 19} R.C. 4123.56(F) provides:

> If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section.

In the September 28, 2022 order denying Ms. Henry's application for TTD compensation, the SHO specifically concluded Ms. Henry was not entitled to TTD compensation under R.C. 4123.56(F) because Ms. Henry "failed to establish that she is unable to work as a result of an impairment arising from this injury." (Stip. Evid. at 131.) In support of its conclusion, the SHO found (1) TTD compensation was previously terminated based on Ms. Henry's refusal of a light-duty job offer effective April 7, 2021, and (2) Ms. Henry took a disability retirement effective May 27, 2021. As the magistrate noted, however, Ms. Henry's psychological condition was not allowed until a year after the offer of light-duty work. Thus,

the magistrate did not assume the SHO failed to consider the newly allowed condition. Instead, because the SHO stated Ms. Henry was not entitled to TTD because of her refusal of light-duty work made prior to her newly allowed psychological condition, we agree with the magistrate that the SHO did not consider the impact of the newly allowed psychological condition on Ms. Henry's ability to return to work.

{¶ 20} For these reasons, the magistrate did not improperly interpret the SHO's decision. Accordingly, we overrule Cuyahoga County's second objection.

### C. Commission's Sole Objection

{¶ 21} In its sole objection to the magistrate's decision, the commission argues the SHO erred in failing to require Ms. Henry to carry her burden of demonstrating entitlement to TTD compensation. The commission asserts the magistrate improperly shifted the burden to the commission to prove Ms. Henry was not entitled to TTD compensation. Through this objection, the commission misconstrues the magistrate's decision.

{¶ 22} As we stated in our resolution of Cuyahoga County's first objection, the claimant bears the burden of demonstrating entitlement to TTD compensation. *Ritzie,* 2015-Ohio-5224 at ¶ 11. Ms. Henry sought TTD compensation from April 7, 2021 to August 1, 2022 and continuing. To support her request for TTD compensation, Ms. Henry submitted the reports of Dr. Medling and Dr. Alperin who opined Ms. Henry was unable to work due to the allowed psychological condition from May 27, 2021 and continuing. In rejecting Ms. Henry's application of TTD compensation, the commission relied on the report of Dr. Koricke. However, Dr. Koricke's report expressly found Ms. Henry was temporarily and totally disabled from May 27, 2021 to February 11, 2022. Additionally, Dr. Koricke's report did not address at all the period from April 7, 2021 to May 27, 2021. Rather than shift the burden to the commission to disprove entitlement to TTD compensation, the magistrate noted the commission failed to explain how Dr. Koricke's report supported denial of the entire requested period of TTD compensation given the findings and omissions in Dr. Koricke's report.

{¶ 23} Though the commission now argues there were deficiencies in Dr. Medling's report, the magistrate did not instruct the commission on how much weight to assign the other reports submitted in support of Ms. Henry's application for TTD compensation.

Instead, the magistrate found Dr. Koricke's report was not some evidence to support the denial of the entire period of the requested TTD compensation. We agree with the magistrate that because Dr. Koricke's report both expressly finds TTD compensation is warranted for a portion of the requested period and does not address whether TTD compensation is warranted for another portion of the requested period, the commission did not have some evidence to deny TTD compensation for the entirety of the requested period. Therefore, we overrule the commission's sole objection to the magistrate's decision.

### D. Clerical Correction

{¶ 24} Though the parties do not raise any objections to the findings of fact, we note the magistrate's decision contains a typographical error in finding of fact 11. The correct date of Dr. Koricke's report is March 13, 2022. We therefore modify the magistrate's decision to reflect the correct date of the report.

## III. Disposition

{¶ 25} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate properly applied the relevant law to the salient facts in reaching the conclusion that Ms. Henry is entitled to a limited writ of mandamus. Therefore, we overrule Cuyahoga County's objections and the commission's sole objection and adopt the magistrate's decision as our own, including the findings of fact as modified and conclusions of law contained therein. In accordance with the magistrate's decision, we grant Ms. Henry a limited writ of mandamus remanding the matter to the commission for reconsideration of Ms. Henry's application for TTD compensation.

*Objections overruled;*
*limited writ of mandamus granted.*

JAMISON, P.J. and DORRIAN, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Chiyana Henry, | : | |
| Relator, | : | |
| v. | : | No. 23AP-506 |
| Cuyahoga County et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 20, 2024

*Nager, Romaine & Schneiberg Co., L.P.A.*, and *Leah Vanderkaay*, for relator.

*Michael C. O'Malley*, Prosecuting Attorney, and *Matthew T. Fitzsimmons IV*, for respondent Cuyahoga County.

*Dave Yost,* Attorney General, and *John Smart*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 26} Relator, Chiyana Henry ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied her request for

temporary total disability ("TTD") compensation, and to enter an order granting said compensation.

Findings of Fact:

{¶ 27} 1. On December 23, 2020, claimant sustained an injury in the course of and arising out of her employment as a juvenile detention officer for respondent, Cuyahoga County ("employer"), when an inmate spit in her face and punched her in the left eye twice. Her workers' compensation claim was allowed for the following conditions: conjunctival hemorrhage, left eye; contusion of eyeball and orbital tissues, left eye; substantial aggravation of pre-existing right wrist sprain; right thumb sprain; right wrist tendinitis; right trigger thumb; cervical sprain/strain; adjustment disorder with mixed anxiety and depressed mood; and right ulnar neuropathy right upper extremity.

{¶ 28} 2. Claimant's claim was originally allowed for conjunctival hemorrhage, left eye; contusion of eyeball and orbital tissues, left eye.

{¶ 29} 3. On March 31, 2021, claimant's treating physician, Stephen Cheng, M.D., released claimant to return to work with restrictions, effective March 31, 2021.

{¶ 30} 4. The employer offered claimant a light-duty job within the physical work restrictions, effective April 7, 2021. Claimant did not return to work, and on May 21, 2021, was placed on disability leave. The employer placed claimant on non-disciplinary disability separation effective June 27, 2021.

{¶ 31} 5. On May 15, 2021, a staff hearing officer ("SHO") additionally allowed the claim for substantial aggravation of pre-existing right wrist sprain, right thumb sprain, and right wrist tendinitis. The SHO granted a closed period of TTD compensation from December 30, 2020, to April 6, 2021, finding the employer provided a light-duty job offer

effective April 7, 2021, consistent with Dr. Cheng's restrictions, and claimant was not requesting TTD compensation beyond April 6, 2021.

{¶ 32} 6. On August 12, 2021, a district hearing officer ("DHO") additionally allowed the claim for right trigger thumb. An SHO affirmed the DHO's decision.

{¶ 33} 7. On October 14, 2021, a DHO additionally allowed the claim for cervical sprain/strain. An SHO affirmed the DHO's decision.

{¶ 34} 8. On November 26, 2021, a DHO additionally allowed the claim for adjustment disorder with mixed anxiety and depressed mood. An SHO affirmed the DHO's decision.

{¶ 35} 9. On February 11, 2022, Amar Mutnal, M.D., issued an independent medical examination report, in which Dr. Mutnal found the following: (1) based on the allowed conditions, the objective and subjective findings do not support ongoing TTD; (2) trigger finger of right thumb, sprain of right wrist, sprain of cervical spine, tendinitis, strain of neck, and sprain of thumb are all self-limiting, soft-tissue conditions that should resolve with rest and/or therapy; (3) claimant reported some radicular symptoms from the elbow on the right ulnar aspect of the forearm down to her middle, ring, and small fingertip, and an EMG found mild ulnar neuropathy of the elbow; (4) claimant was unable to explain how she sustained an injury to her right hand and thumb during the incident; (5) claimant is able to work at her former position with the allowed conditions, given the injuries are soft-tissue, self-limiting conditions in the right wrist, hand, thumb, and neck, and trigger finger of the thumb would not cause complete debilitation of the thumb for a year; and (6) claimant last worked on December 23, 2020.

{¶ 36} 10. On March 13, 2022, Deborah Koricke, Ph.D., performed a file review and reported that a September 23, 2021, EMG indicated mild right ulnar neuropathy at the elbow. She also noted that she had extensively reviewed over 500 pages of medical, chiropractic, and psychological records. Dr. Koricke opined that claimant has the diagnosis of adjustment disorder with mixed anxiety and depressed mood, and the adjustment disorder with mixed anxiety and depressed mood is directly caused by claimant's persistent physical pain from her allowed physical conditions. Dr. Koricke filed a corrected report on March 24, 2022.

{¶ 37} 11. On April 12, 2022, an SHO allowed the psychological condition of adjustment disorder with mixed anxiety and depressed mood based upon the March 13, 2021, report of Dr. Koricke.

{¶ 38} 12. On May 19, 2022, claimant filed a C-84 request for TTD compensation due to the newly allowed psychological condition from April 7, 2021, through August 1, 2022, and continuing. Claimant supported the C-84 with a May 11, 2022, MEDCO-14 from James Medling, Ph.D., which indicated that claimant was unable to work due to her psychological condition. Dr. Medling also issued two more MEDCO-14s, disabling claimant from May 10 through December 1, 2022.

{¶ 39} 13. On July 3, 2022, Rebecca Alperin, Ph.D., issued a report, finding (1) there is support for ongoing TTD from May 27, 2021, through May 11, 2022, and continuing, based upon the allowed psychological condition; and (2) claimant is not currently able to return to her former position of employment, as her symptoms continue to be too significant.

{¶ 40} 14. On August 19, 2022, an SHO additionally allowed the claim for right ulnar neuropathy, right upper extremity.

{¶ 41} 15. On August 19, 2022, a DHO granted the request for TTD compensation from May 27, 2021, through August 15, 2022, and continuing upon submission of proof, finding the following: (1) Dr. Medling's MEDCO-14's and C-84's, which establish that the allowed psychological condition of adjustment disorder with mixed anxiety and depressed mood renders claimant temporarily and totally disabled from her former position of employment; and (2) Dr. Alperin opines in her July 3, 2022, report that her review of the psychological treatment record supports the payment of TTD compensation from May 27, 2021. The employer appealed.

{¶ 42} 16. In a September 19, 2022, addendum to file review of March 24, 2022, Dr. Koricke found the following: (1) claimant does not meet criteria for the requested diagnosis of adjustment disorder with mixed anxiety and depressed mood; (2) the February 11, 2022, report of Dr. Mutnal indicates that claimant's complaints of debilitating and ever-present pain from her soft tissue injuries, which should have been well healed and thus not causing pain, is well taken; (3) TTD from the allowed psychological condition is only merited from May 27, 2021, until Dr. Mutnal's examination of February 11, 2022; (4) claimant's fears of more assaults from inmates and the emotional effects of the past assaults are the major factors in her perception of debilitating pain; (5) claimant is able to return to work and do light-duty work for the first four weeks so as to become accustomed to working in a correctional environment; (6) an adjustment disorder is a relatively mild psychological disorder that should not prevent a person from working in an environment, even a relatively stressful one such as

corrections, for an extended period; and (7) claimant should be able to return to her work environment but may need continued routine psychotherapy for a period, such as three months, to support her returning to work successfully.

{¶ 43} 17. In his September 23, 2022, report, Dr. Medling reviewed Dr. Koricke's September 19, 2022, addendum and found the following: (1) there are errors in logic and opinion in Dr. Koricke's addendum; (2) Dr. Koricke linked her opinion to claimant's experience of pain, which, according to Dr. Mutnal, should not exist; (3) the physical injury and resulting disability (not an injured worker's experience of pain) must be the causative factor for the mental condition suffered; (4) the determination of TTD for a psychological allowance should not be based solely upon the presence or absence of psychological pain or distress; an injured worker's subjective psychological complaints are only one factor that should be taken into account when rendering a decision regarding TTD; however, this was all that Dr. Koricke asserted; pain, in and of itself, is not the issue; claimant's anxiety and depression will be heightened if she is faced with a return to work goal at the present; one must also take into account how her four areas of functioning will be impacted, especially her work stability; (5) claimant's four areas of functioning will deteriorate rapidly if transitioned back to work as Dr. Koricke has recommended; (6) Dr. Koricke has never met claimant and has only completed file reviews; (7) Dr. Koricke's opinion that claimant do light-duty work for the first four weeks to adjust to working was so ambiguous as to be meaningless; (8) Dr. Koricke's explanation that adjustment disorders should not prevent a person from working in an environment, even a relatively stressful one such as corrections, for an extended time, is absurd, a gross generalization, and patently false; if this were true, everyone with an adjustment disorder

should be working, while the inverse – that those with a serious psychological condition should never be able to hold gainful employment – should be true, which does not comport with reality; (9) nothing in the February 11, 2022, medical report of Dr. Mutnal or Dr. Koricke's file review have altered any of her opinions regarding claimant's TTD status, complaints of pain, and mixed feeling of anxiety and depression; and (10) claimant's adjustment disorder with mixed anxiety and depressed mood renders her TTD from February 11 through November 1, 2022.

{¶ 44} 18. On September 28, 2022, a SHO vacated the DHO's order and denied claimant's request for TTD compensation, finding the following: (1) claimant failed to sustain her burden of proving that she was rendered temporarily and totally disabled for the requested period due to the allowed psychological condition; (2) the September 19, 2022, medical review of Dr. Koricke is persuasive in its opinion that the medical documentation on file does not support the requested period of disability as being related to the allowed psychological condition recognized in this now nearly two-year-old industrial injury claim; (3) TTD compensation was previously terminated, effective April 7, 2021, based upon claimant's refusal of a light-duty job offer as of that date; (4) claimant took a disability retirement, effective May 27, 2021; (5) pursuant to R.C. 4123.56(F), claimant has failed to establish that she is unable to work as a result of an impairment arising from this injury; and (6) the order is based upon the September 19, 2022, medical review of Dr. Koricke; the provisions of R.C. 4123.56(F); evidence contained in the claim file; and evidence adduced at hearing. Claimant appealed.

{¶ 45} 19. On October 18, 2022, the commission refused claimant's appeal. Claimant filed a request for reconsideration, which the commission denied on November 15, 2022.

{¶ 46} 20. On August 18, 2023, claimant filed a petition for writ of mandamus.

Conclusions of Law and Discussion:

{¶ 47} The magistrate recommends that this court grant claimant a limited writ of mandamus.

{¶ 48} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 49} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 50} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 51} TTD compensation awarded pursuant to R.C. 4123.56 is compensation for wages lost when a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) the claimant has returned to work; (2) the claimant's treating physician provides a written statement that the claimant is able to return to the former position of employment; (3) work within the physical capabilities of the claimant is made available by the employer or another employer; or (4) the claimant has reached maximum medical improvement. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 52} R.C. 4123.56, which was amended by H.B. No. 81, effective September 15, 2020, modified the prior version of R.C. 4123.56 by adding the following entirely new language pertaining to voluntary abandonment:

> (F) If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

{¶ 53} In the present case, claimant presents the following arguments: (1) the SHO abused his discretion when he relied on Dr. Koricke's September 19, 2022, medical report, because Dr. Koricke's report relies heavily on Dr. Mutnal's February 11, 2022, medical opinion, which was rendered before her claim was recognized for right ulnar neuropathy, right upper extremity; (2) the SHO abused his discretion when he misinterpreted Dr. Koricke's September 19, 2022, medical opinion, because Dr. Koricke agreed that TTD was appropriate from May 27, 2021, through February 11, 2022, and there was no contrary medical evidence to deny TTD for this period; (3) there was no medical evidence before the SHO to deny TTD from April 7 to May 27, 2021; (4) Dr. Medling's September23, 2022, report supported TTD compensation for the full requested period; and (5) claimant satisfies the eligibility requirements to receive TTD compensation, because her claim was additionally recognized for adjustment disorder with mixed anxiety and depressed mood per the April 8, 2022, SHO order, and this was the new and disabling condition.

{¶ 54} The magistrate finds the SHO's reliance upon Dr. Koricke's September 19, 2022, report troublesome. Several of claimant's arguments raise the issue that the SHO relied upon Dr. Koricke's September 19, 2022, report to find claimant was not temporarily and totally disabled, despite that Dr. Koricke explicitly opined in that report that TTD compensation from the allowed psychological condition is merited from May 27, 2021, until Dr. Mutnal's examination on February 11, 2022. The SHO did not acknowledge Dr. Koricke's opinion, in this respect, and the commission does not address this issue in its brief. The employer's counterargument is that claimant requested TTD compensation for the entire period from April 7, 2021, through August 1, 2022, so Dr. Koricke's opinion that she was temporarily and totally disabled for only a portion of this period cannot

support claimant's burden to prove disability for the entire requested period. The employer fails to support this argument with any case law. Regardless, even if the employer's argument has merit, which is dubious, Dr. Koricke's opinion still could not be cited by the SHO to support a denial of TTD compensation from May 27, 2021, until February 11, 2022, and there is no other evidence cited in the SHO's order to support a denial of TTD compensation for this period. Furthermore, Dr. Koricke does not address TTD from April 7 to May 27, 2021, even though claimant's motion requested TTD commencing on April 7, 2021. If Dr. Koricke's report does not address TTD from April 7 to May 21, 2021, then there is also no medical evidence cited by the SHO to support a denial of TTD compensation for this period. Therefore, the SHO did not rely upon some evidence to support the denial of TTD compensation from April 7, 2021, to February 11, 2022.

{¶ 55} The SHO also denied claimant's requested TTD compensation based on R.C. 4123.56(F). On this issue, the SHO found: (1) TTD compensation was previously terminated, effective April 7, 2021, based upon claimant's refusal of a light-duty job offer as of that date; and (2) claimant took a disability retirement, effective May 27, 2021. The SHO used these circumstances to support the conclusion that claimant failed to establish that she was unable to work as a result of an impairment arising from the workplace injury, pursuant to R.C. 4123.56(F). However, the problem with the SHO's reliance upon claimant's refusal of a light-duty job offer and her subsequent disability retirement in April and May 2021, respectively, to find she was not unable to work as a result of an impairment arising from her workplace injury pursuant to R.C. 4123.56(F) is that claimant's psychological condition was not allowed until April 8, 2022, so the newly

allowed psychological condition raised additional restrictions that the earlier light-duty job offer did not take into account. As explained above, even Dr. Koricke opined that claimant was temporarily and totally disabled from employment around this time, from May 27, 2021, to February 11, 2022. Drs. Medling and Alperin also found claimant was temporarily and totally disabled as a result of claimant's allowed psychological condition. As argued by claimant, this newly allowed psychological condition constituted new and changed circumstances sufficient to justify the commission's exercise of continuing jurisdiction to modify the previous orders denying TTD compensation.

{¶ 56} The consequence of the above determinations is that the SHO's reasoning for denying claimant TTD compensation from April 7, 2021, to August 1, 2022, and continuing is unreliable. Because Dr. Koricke's September 19, 2022, report does not support a denial of TTD compensation from April 7, 2021, to February 11, 2022, and the SHO's determination under R.C. 4123.56(F) did not consider the impact of the additionally allowed condition of adjustment disorder with mixed anxiety and depressed mood, the commission abused its discretion and must reconsider the matter.

{¶ 57} Accordingly, it is the magistrate's recommendation that this court should grant the claimant a limited writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.